UNITED STATES of America

v.

**Susan D. McANDREW, B. Patrick Waldron and Patricia Warner.**

Cr. No. 79–00058–R.

United States District Court, E. D. Virginia, Richmond Division.

Nov. 21, 1979.

James H. Walsh, Sp. Prosecutor, Richmond, Va., for plaintiff.

Joseph M. Spivey, III, Dennis W. Dohnal, George Wm. Warren, IV, Richmond, Va., for defendants.

### MEMORANDUM ORDER

CLARKE, District Judge.

The defendants in this proceeding have been charged with criminal contempt under 18 U.S.C. § 401(3) for wilfully violating provisions of a consent decree incorporated and approved by an order of this Court on June 20, 1978, in the case of *Joe Bush, et al. v. Robert E. Bays, et al.*, 463 F.Supp. 59 (E.D.Va.). Specifically, the defendants are charged with wilfully failing to comply with paragraph 5 of that decree, which provides:

The United States Department of Agriculture agrees to provide lost benefits to members of the plaintiff class whose bonus level was not determined in accordance with directions and instructions issued pursuant to *Gutierrez v. Butz* [D.C., 415 F.Supp. 827] during the period of May 1, 1977, to October 31, 1977, inclusive. United States Department of Agriculture agrees to provide lost benefits to members of the plaintiff class in accordance with Federal procedures and policies. The parties will develop a list of persons in the plaintiff class potentially eligible for such benefits. Reasonable efforts will be made to notify and provide to such persons their lost benefits. Eligibility workers in the two local offices will screen all migrant applicants during the remainder of 1978 to determine eligibility for such lost benefits.

This paragraph was incorporated in the June 20 order through the following provision:

The parties representing to the Court that implementation of the Consent Agreement has commenced on a voluntary basis and that such Agreement on its face, appears to represent a fair and reasonable settlement of this Action, and is concurred in by the Court, it is further ORDERED that the parties shall, until further Order of this Court, continue to comply with the terms of such Agreement.

This order and the consent decree were drafted by the parties to that action, or their counsel, and were entered by Judge Warriner at the request of the parties.

Each of the defendants has filed a motion to dismiss or vacate the criminal contempt charges against them on various grounds. These motions will be considered together in this order.

The first ground relied upon by the defendants in their motions to dismiss is that the order and consent decree underlying these charges fail to meet the procedural requirements of Rule 65(d) of the Federal Rules of Civil Procedure, and therefore cannot form the basis for a charge of criminal contempt. Rule 65(d) provides:

Every order granting an injunction and every restraining order shall set forth the

reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

The defendants contend that the order which they are charged with violating contravenes this Rule by reason of its reference to an outside document, the consent decree, and is therefore totally defective. Moreover, they contend that this infirmity is compounded by the further reference in paragraph five of the decree to certain procedures, described simply as the "directions and instructions issued pursuant to *Gutierrez v. Butz*."

■ Rule 65(d) embodies the elementary due process requirement of notice. *United States Steel Corp. v. United Mine Wkrs. of America*, 519 F.2d 1236 (5th Cir. 1975), *cert. denied*, 428 U.S. 910, 96 S.Ct. 3221, 49 L.Ed.2d 1217 (1976). It is designed to assure that "a federal court frame[s] its orders so that those who must obey them will know what the Court intends to require and what it means to forbid." *International Longshoremen's Assoc., Local 1291 v. Philadelphia Marine Trade Assoc.*, 389 U.S. 64, 76, 88 S.Ct. 201, 208, 19 L.Ed.2d 236 (1976). As Judge Wyzanski has eloquently noted, "Rule 65(d) is no mere extract from a manual of procedural practice. It is a page from the book of liberty." *H. K. Porter Co., Inc. v. National Friction Products*, 568 F.2d 24, 27 (7th Cir. 1977).

■ Compliance with this Rule is mandatory. *Alberti v. Cruise*, 383 F.2d 268, 272 (4th Cir. 1967). Its requirements, however, are not jurisdictional and a court's failure to adhere to every detail of that Rule's requirements does not necessarily render the order void under all circumstances and for all purposes. *See Clarkson Co., Ltd. v. Shaheen*, 544 F.2d 624, 632–33 (2d Cir. 1976); *Shannon v. Retail Clerks, Int'l. P.*

*Assoc.*, 128 F.2d 553, 555 (7th Cir. 1942). The object of this Rule may, in some instances, be satisfied by evidence that the parties charged with violating an order had actual knowledge of its terms and their obligation to carry out its command; and that they or those with whom they are in privity, have waived compliance with this Rule's formal requirements. The Court's inherent power to vindicate its authority, necessary to the preservation of the judicial institution, should not be inflexibly bound by procedural niceties where no actual prejudice to the defendants results and the evidence of a knowing and wilfull violation is clear.

■ The consent decree and accompanying order in this case were drafted by the parties in the underlying case. At least some of the defendants in this contempt proceeding allegedly participated in the negotiations and drafting process which produced these documents. The duty to carry out the mandate contained in this order and the consent decree allegedly was delegated to the defendants by their employer. This intimate familiarity with the terms of the order and consent decree and the defendants' awareness of their duties under them, if established at trial, clearly would satisfy the notice requirement advanced by Rule 65(d). To permit persons with such knowledge to avoid sanctions for failing to comply with the terms of an order enforcing a consent decree on the grounds that the form of that order is procedurally inadequate in the manner alleged by the defendants would unduly undermine the Court's authority to compel obedience to its lawful orders and to punish wilfull violations of those orders. *Cf. Brumby Metals, Inc. v. Bargen*, 275 F.2d 46, 49 (7th Cir. 1960).

■ This is not to say that the defendants' interests secured by the Rule 65(d) prohibition against reference to outside documents is unprotected. The government still must prove beyond a reasonable doubt that the defendants wilfully, contumaciously, intentionally, and with a wrongful state of mind violated a decree which was defi-

nite, clear, specific and left no doubt or uncertainty in the minds of those to whom it was addressed. *Richmond Black Police Officers v. City of Richmond,* 548 F.2d 123, 129 (4th Cir. 1977). *See also United States v. Marx,* 553 F.2d 874, 876 (4th Cir. 1977) (criminal intent is an essential element of criminal contempt). "In matters of contempt, persons are not held liable for the breach of a restraining order or injunction, unless they know or have notice, or are chargeable with knowledge or notice, that the writ has been issued, or the order entered . . .; without service of process, or knowledge or notice or information of the pendency of proceedings, a violation cannot be made out." *Pettibone v. United States,* 148 U.S. 197, 206–207, 13 S.Ct. 542, 546, 37 L.Ed. 419 (1893).

■ These substantive elements assure that the defendants' due process interests are protected. Thus, these defendants have not been prejudiced by the alleged defects in the order. Although strict compliance with Rule 65(d) is the better course, the failure to abide by its technical requirements prohibiting reference to external documents did not, in the circumstances of this case, necessarily render void the order which the defendants are charged with violating. These requirements may be waived in such circumstances if it is shown that the defendants had knowledge or were chargeable with knowledge of the terms of that order and the incorporated provisions, and that they consented to the form of the order, or were in privity with persons who so consented, at the time the order was entered.

■ The defendants also allege that the terms of the order and consent decree are too vague to support a charge of criminal contempt. An order which is vague or otherwise fails adequately and in specific terms to inform those to whom it is directed of their duties under that order cannot be enforced by contempt. *International Longshoremen's Assoc., Local 1291 v. Philadelphia Marine Trade Assoc.,* 389 U.S. 64, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967); *United States v. Joyce,* 498 F.2d 592 (7th Cir. 1974).

■ However, there is nothing unduly vague in this order and decree. The order specifically commands continued compliance with the decree. Paragraph five of that decree, which the defendants are charged with violating, directs them, *inter alia,* to make "[r]easonable efforts . . . to notify and provide [eligible plaintiffs] their lost benefits." Importantly, this language was chosen by the parties themselves. Surely they may be charged with an understanding of its import. No objection was made to these directions at the time the order was entered. *Cf. International Longshoremen's Assoc., Local 1291 v. Philadelphia Marine Trade Assoc., supra.* Moreover, the defendants do not allege that their failure to comply with that order, if any, resulted from a lack of understanding as to their duties therein created.

Use of the term "reasonable effort" is not in itself a fatal deficiency. The term "reasonable" is often used in the law to describe the extent of burdens or duties. Doubt must be "reasonable" to sustain an acquittal; a person is charged with a duty to use "reasonable" care in his conduct toward others. The term "reasonable efforts" has on numerous occasions been found to have a specific legal meaning when viewed in context. *See, e. g. United States v. Gonzalez,* 582 F.2d 991, 992 (5 Cir. 1978) (considering what were "reasonable efforts" to locate an informant); *Neubert v. Maryland Auto Ins. Fund,* 274 Md. 445, 337 A.2d 59, 62 (1975) (statute required that "reasonable efforts" be made to locate unidentifiable driver causing accident); *Frankel v. City of Miami Beach,* 340 So.2d 463, 470 (Fla.1976) ("reasonable efforts" required to be made to identify members of class in class-action). In *Springett v. Colerick,* 67 Mich. 362, 34 N.W. 683, 687 (1887), the Michigan Supreme Court defined a "reasonable effort" as such effort as "men ordinarily would exercise in their own business to protect their rights and interests."

The language of the order cannot be considered in isolation.

In a criminal contempt case involving a court order, such as the one before us, . . . the court should consider the entire background behind the order—including the conduct that the order was meant to enjoin or secure, the interests that it was trying to protect, the manner in which it was trying to protect them, and any past violations and warnings—in determining whether the order is sufficiently specific and in determining whether the defendant knew or should have known that his conduct was wrongful. *Terminal R.R. Ass'n v. United States*, 266 U.S. 17, 29, 45 S.Ct. 5, 69 L.Ed. 150 (1924); *United States v. Christie Indus., Inc.*, 465 F.2d 1002, 1007 (3d Cir. 1972).

*United States v. Greyhound Corp.*, 508 F.2d 529 (7th Cir. 1974) (footnote omitted). Viewing the language of the order in light of the underlying circumstances, we cannot hold as a matter of law that the terms of the order and consent decree were so vague and imprecise as to warrant the dismissal of the charges against the defendants.

 The defendants also argue that because they were not parties to the underlying action, and therefore not named parties to the order, they may not be held in criminal contempt for violating that order. This argument is also without merit.

Rule 65(d) of the Federal Rules of Civil Procedure specifically provides that "Every order granting an injunction . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." This Rule, the Supreme Court has concluded, "is derived from the common-law doctrine that a decree of injunction not only binds the parties defendant, but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control." *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14, 65 S.Ct. 478, 481, 89 L.Ed. 661 (1945).

A corollary to these principles is that non-parties who are legally identified with parties may be held in contempt for violating an injunction if they have actual notice of the injunction. *See In re Lennon*, 166 U.S. 548, 554, 17 S.Ct. 658, 41 L.Ed. 1110 (1897); *McGraw-Edison Co. v. Preformed Line Products Co.*, 362 F.2d 339 (9th Cir. 1966), *cert. denied*, 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966). Personal service is not necessary to achieve this notice, so long as it appears that the non-party has received actual notice of the order. *In re Lennon, supra. Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 129 (2d Cir. 1979).

That the defendants were not parties in the original action giving rise to the order is, therefore, not dispositive. Their duties under the order, if any, arose from their status as employees of the Department of Agriculture and as agents of other persons who were parties in that action. The relevant questions for determination at trial are whether these defendants were designated by the Secretary of Agriculture or another party or their delegates as these parties' agents to accomplish the mandate of the order, and whether they had actual knowledge of the order and its terms. If they did, they were bound by that order and are therefore subject to the criminal contempt power of this Court if they wilfully failed to comply with that order.

For these reasons, the defendants' motions to dismiss and vacate the criminal contempt charges against them are DENIED.