437 So.2d 1280 (1983)
Billy Joe TAPSCOTT and Jerry Tapscott
v.
William Carlton FOWLER, et al.
82-325.
Supreme Court of Alabama.
September 16, 1983.
Dennis G. Pantazis of Gordon, Silberman, Loeb, Cleveland & Gordon, Birmingham, for appellants.
Albert P. Brewer of Brewer, Lentz, Nelson & Whitmire, Decatur, for appellees.
Reo Kirkland, Jr., Brewton, for amicus curiae The Alabama Coonhunters Assn.
PER CURIAM.
This is the second appeal on a controversy between the plaintiffs and the two defendants. On the first appeal we reversed and remanded the trial court's granting of a preliminary injunction because the trial court did not require the plaintiffs to give security pursuant to Rule 65(c), Ala.R. Civ.P., Anders v. Fowler, 423 So.2d 838 (Ala.1982). Again, we must reverse the granting of the preliminary injunction and remand the cause, because the trial judge, in granting the preliminary injunction, *1281 failed to follow the mandate of Rule 65(d)(2), Ala.R.Civ.P., which requires that "[e]very order granting an injunction shall set forth the reasons for its issuance...."
The plaintiffs, numerous landowners in Morgan County, commenced the first action on January 25, 1982, and sought to restrain the numerous defendants from allegedly illegal deer hunting activities on their properties. The trial judge granted the motion for a preliminary injunction and the defendants appealed. This Court reversed and remanded the cause on the ground that the trial court had failed to have the plaintiffs provide security as part of the order. Ala.R.Civ.P. 65(c). Anders, supra.
On remand, the plaintiffs refiled a motion for preliminary injunction against the same numerous defendants. Prior to the hearing, all of the defendants except Billy Joe and Jerry Tapscott entered into a stipulated agreement whereby an injunction would be issued against them, to be in effect until December 1, 1983. A hearing was held on December 22, 1982, in regard to the Tapscotts. The trial court entered an order enjoining those two defendants. The order reads in full as follows:
"This cause having been set for hearing on this day on the application of the plaintiffs for a preliminary injunction, and it being made known to the Court that the plaintiffs and the seven defendants have settled the issues among them and have agreed to a stipulated order of injunction (which is entered by separate written judgment today) and that the issue remains only between the plaintiffs and the defendants Billy Joe Tapscott and Jerry Tapscott; whereupon the court proceeds to hear testimony to the following conclusion after the agreed submission: The plaintiffs are entitled to relief. [Emphasis added.]
"It is, therefore,
"CONSIDERED AND ORDERED that the defendants Billy Joe Tapscott and Jerry Tapscott are hereby enjoined, restrained, and prohibited from trespassing on lands of the plaintiffs, from firing firearms over said lands, from spotlighting said lands, for any persons or improvements thereon, and from running dogs on said lands or allowing dogs to run on said lands, except with the express written permission of the landowners.
"Plaintiffs shall submit to the register for approval good and sufficient security in the amount of One Thousand Dollars indemnifying the defendants against loss or damage in accordance with the appropriate Rule of Civil Procedure relevant to the temporary injunctions. Upon receipt and approval of the required surety bond, this temporary injunction shall become effective and continue in full force and effect until further order of the Court.
"All other issues other than those seeking the injunctive relief are hereby reserved for future disposition.
"This the 22nd day of December, 1982."
In pertinent part, Rule 65(d)(2) reads:
"Every order granting an injunction shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained...."
The appellees, in brief, claim the injunction issued complies substantially with the requirements of the rule:
"The defendants correctly point out that Rule 65(d)(2), Alabama Rules of Civil Procedure, provides that every order granting an injunction shall set forth the reasons for its issuance and shall be specific in its terms.
"When that Rule is read in light of the proceedings in this cause, substantial compliance with the Rule by the trial court becomes apparent.
"The original preliminary injunction in this case set out the reasons for its issuance at great length and was very specific in its terms.
"* * *
"While Judge Hundley's order on this proceeding does not set out the reasons for the granting of the injunction, his original order is very specific and comprehensive in stating all the reasons for the *1282 issuance of the original preliminary injunction following the hearing on January 28, 1982 in this cause. Obviously Judge Hundley considered the present proceeding as a continuation of the previous proceeding. It was based on the evidence on the original hearing plus additional evidence taken on December 23, 1982, and it can hardly be questioned that these defendants were advised of, and were well aware of, the reasons for the issuance of the injunction.
"The Alabama Court of Civil Appeals had this same question raised in the case of Ross v. Powell, 359 So.2d 803. There the Court upheld an injunction observing:
"`It is our belief that a restraining order or injunction should be direct and succinct. It must set forth the reasons for its issuance and it should be specific in that respect. However, elaborate detail is not necessary. There is sufficient basis for sustaining the injunction if the party enjoined is apprised of the course of conduct which is prohibited and the order is not so excessively broad that the party against whom it is issued is subjected to undue restraint.'"
The opinion in Ross, supra, is consistent with our holding that a preliminary injunction must give the court's reasons for issuing an injunction; the critical question here is whether the reasons stated by the trial judge in the injunction issued after the first hearing were sufficient, as a matter of law, to comply with the requirements of Rule 65(d)(2) insofar as the issuance of the second injunction is concerned. We must hold that there was no compliance with Rule 65(d)(2), because the order fails to give reasons for issuance of the injunction. Under Rule 65(d)(2), Ala.R.Civ.P., it is mandatory that a preliminary injunction; (1) give reasons for issuing the injunction, (2) be specific in its terms, and (3) describe in reasonable detail the acts sought to be restrained. Teleprompter of Mobile, Inc. v. Bayou Cable T.V., 428 So.2d 17 (Ala.1983); Miglionico v. Birmingham News Co., 378 So.2d 677 (Ala.1979); International Brotherhood of Electrical Workers v. Morton, 365 So.2d 662 (Ala.1978); see C. Wright & A. Miller, Federal Practice and Procedure § 2955 (1973). The appellants contend there was a lack of evidence to show that they had hunted on any land without permission of the owner. The fact that appellants did not stipulate that an injunction issue against them is another reason we hold that the reasons for the issuance of the injunction against them should have been set out as required by the Rule.
The order granted in the instant case is quite similar to the order entered in Teleprompter, supra. As in Teleprompter, no reasons were given, in the order, for the issuance of the preliminary injunction, not even a recital that irreparable loss would occur if the injunction were not issued.
Because we hold that the trial court erred in granting the preliminary injunction by not following the mandate of Rule 65(d)(2), Ala.R.Civ.P., we pretermit any discussion of the other issues raised on appeal. Our holding should not be interpreted as precluding the plaintiffs from requesting the trial court to again issue an injunction, should they deem it necessary.
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and ALMON and SHORES, JJ., dissent.
TORBERT, Chief Justice (dissenting).
This case raises one issue. Did the second injunction comply with A.R.Civ.P., Rule 65(d)(2)? The majority holding follows the letter of the Rule while ignoring its spirit. I therefore respectfully dissent.
Rule 65(d)(2) provides that "Every order granting an injunction shall set forth the reasons for its issuance ...." This requirement is mandatory for every injunction. Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17 (Ala.1983). Unlike Teleprompter, however, this case does not involve an injunction without any reasons listed for its issuance; rather, the second injunction failed to repeat the very specific and comprehensive reasons listed in the first injunction. Indeed, no Alabama case *1283 has analyzed this situation. We should, therefore, look to the intended objective of the Rule.
The purpose of Rule 65(d)(2) is to fulfill the due process requirement of notice. United States Steel Corp. v. United Mine Wkrs. of Am., 519 F.2d 1236 (5th Cir.1975), cert. denied, 428 U.S. 910, 96 S.Ct. 3221, 49 L.Ed.2d 1217 (1976). In regard to the federal counterpart, Rule 65(d)'s requirements, while mandatory, "are not jurisdictional and a court's failure to adhere to every detail of that Rule's requirements does not necessarily render the order void under all circumstances and for all purposes." United States v. McAndrew, 480 F.Supp. 1189, 1192 (E.D.Va.1979). Courts should not be bound to "procedural niceties where no actual prejudice to the defendants results." Id.
Appellees argue that Rule 65(d)(2) is substantially complied with in this case. I agree. The proceeding before issuance of the second injunction was viewed as a continuation of the original proceedings. The appellants obviously had actual notice of the reasons for issuance of the original injunction. Appellants do not contend that they suffered any prejudice from the trial court's failure to observe the Rule's strictures. The purpose of Rule 65(d)(2), to serve notice of the reasons for the injunction, was actually satisfied in this case. I see no reason to follow the precise procedure of Rule 65(d)(2) when its purpose is completely satisfied. See also Withrow v. Larkin, 421 U.S. 35, 44-46, 95 S.Ct. 1456, 1462-1464, 43 L.Ed.2d 712 (1975) (reference back is sufficient to establish Rule 65(d) reasons for prior order).
Because the due process purpose of Rule 65(d)(2) is satisfied in this case, I would affirm the propriety of the injunction's issuance and consider the other issues in this case.
ALMON and SHORES, JJ., concur.