870 F.2d 655
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bobby L. PERSON, individually and on behalf of all others
similarly situated, Plaintiff-Appellee
v.
Stephen S. MILLER, Defendant-Appellant,
and
Carolina Knights of the Ku Klux Klan, an Unincorporated
Association, Jerry Michael Lewis, Joan Short, Gregory Short,
Cecil Cox, Gordon Ipock, Jeff Cartrett, Robert Stoner, Vince
Witt, Tommy Driggers, Boyd Maloney, Beauford Ogle, Tony
Hendricks, Culbert Wilkerson, Sterling Henson, Richard
Pounder, Ken Penley, Ricky Nunnery, Tony Sheldon, Jeff
Johnston, Defendants.
 No. 86-3880.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 30, 1989.
Decided March 2, 1989.
 
 Stephen S. Miller, appellant pro se.
 James C. Fuller, Jr., Thorp, Fuller & Slifkin, PA, M. Travis Payne, Edelstein & Payne, Samuel Thomas Currin, Office of the U.S. Attorney, Morris S. Dees, Jr., The Southern Poverty Law Center, for appellee.
 Before DONALD RUSSELL, PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Stephen Miller appeals the jury verdict finding him in criminal contempt for having violated a court order prohibiting Glen Miller, the Carolina Knights of the Ku Klux Klan (and its successor, the White Patriot Party) and their agents, servants, employees, assigns, and successors from operating a paramilitary organization and doing other acts prohibited by N.C.Gen.Stat. Sec. 14-288.20(b)(1).* Stephen Miller argued at trial and maintains on appeal that he could not be found in criminal contempt of an order entered in an action to which he was not a party and which he did not know reached his activities. We reject this contention and affirm his conviction.
 
 
 2
 Under Fed.R.Civ.P. 65(d) court orders are binding upon "the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Nonparties bound by a court order may be found in criminal contempt of it if they have actual knowledge of the order. United States v. Baker, 641 F.2d 1311, 1315 (9th Cir.1981); United States v. McAndrew, 480 F.Supp. 1189 (E.D.Va.1979). The evidence that Stephen Miller was second-in-command of the White Patriot Party and that he called the order a joke and stated the organization would continue right on by changing its name sufficiently established his concert and participation with the named parties and his knowledge of the order.
 
 
 3
 Review of the record reveals more than sufficient evidence on which the jury could find that Stephen Miller willfully violated the court's order by operating a paramilitary organization and training its members in the use of firearms and explosives intending that the same would be used in furtherance of civil disorder. The remaining contentions raised by Stephen Miller on appeal are either without merit for reasons stated in Person v. Miller, 854 F.2d 656 (4th Cir.1988), or frivolous.
 
 
 4
 We accordingly affirm the judgment of conviction and dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Section 14-288.20(b)(1) provides that a person is guilty of a felony if he
 [t]eaches or demonstrates to any other person the use, application, or making of any firearm, explosive or incendiary device or technique capable of causing injury or death to persons, knowing or having reason to know or intending that the same will be unlawfully employed for use in, or in furtherance of, a civil disorder.