These are appeals from an order issuing a preliminary injunction against Teleprompter of Mobile, Inc., a corporation, Teleprompter Southeast, Inc., Piping, Inc., a corporation, and others, to prevent cutting, tampering, or otherwise obstructing, buried television cables, the property of Bayou Cable TV, a corporation. We reverse.
Plaintiff, Bayou Cable TV is engaged in the business of providing pay television service to various subscribers in Mobile County via a series of underground cables carrying signals from Bayou Cable's place of business to the homes of its customers. Similar services are provided by the defendant Teleprompter of Mobile, Inc., whose cables are, on occasion, placed underground in the same rights-of-way as those of Bayou *Page 19 
Cable. Defendant Piping, Inc., is an independent contractor hired by Teleprompter to install its cable in four area subdivisions in Mobile County: Camelot, Ashley, Quail Run and Pine Run. Bayou Cable contracted with Cable Man, Inc., to place unprotected cables fifteen to eighteen inches below the surface of the ground in the same subdivisions. Teleprompter's cables were placed inside plastic pipes and laid in ditches made with a trenching machine.
Bayou Cable and Teleprompter shared many of the same rights-of-way to install cable in the four area subdivisions. Most of Bayou Cable's cables were installed prior to Piping's installation of Teleprompter's cables. During the installation by Piping, Bayou Cable's cables were severed in numerous locations. Piping admits to unintentionally cutting the cables but argues that the inadvertent cuts occurred because placement of those cables was not adequately marked. Bayou Cable contends, however, that the cables were intentionally severed in order to delay it from providing cable television service to its subscribers. Bayou Cable had to replace most its cables due to the damage caused by Piping.
At the time the cuts were made in Bayou Cable's cables, it was not supplying cable television to any customers in the four area subdivisions where it complains of cuts being made. At the time of the hearing on the petition for preliminary injunction from which these appeals are taken, Bayou Cable's cables were fully operative and energized for customer use in three of the subdivisions. The delay in the fourth subdivision was not due to the damage made by Piping. Bayou Cable could not ascertain whether the cuts made by Piping delayed its service to its subscribers.
On 13 November 1981, Bayou Cable filed its complaint and charged that Teleprompter and Piping intentionally cut its cables on numerous occasions while installing Teleprompter's cables in the same rights-of-way. In addition to seeking monetary damages, Bayou Cable asked the court to issue a temporary restraining order pursuant to Rule 65 (b), ARCP, enjoining both Teleprompter and Piping from cutting any of Bayou Cable's cables. Such an order was issued on 13 November 1981, upon motion of Bayou Cable. A preliminary hearing was held, at the close of which the court issued a temporary restraining order preventing "the Defendants and each of them, from willfully and wantonly from cutting, tampering, or otherwise obstructing Plaintiff's television cables or interfering with the signals passing through them." Upon motion of Bayou Cable, this order was amended nunc pro tunc on 6 January 1982 to reflect that it was intended to be a preliminary injunction rather than a temporary restraining order.
Both Teleprompter and Piping appeal from the order granting the injunction. The two appeals are consolidated in this court.
We hold that the trial court erred in granting the preliminary injunction for the reasons we will assign.
First, we recognize that the grant of, or refusal to grant, a preliminary injunction rests largely in the discretion of the trial court and that court's latitude in this area is considerable; if no abuse of that discretion is shown, its action will not be disturbed on appeal. Lorch, Inc. v. BessemerMall Shopping Center, 294 Ala. 17, 310 So.2d 872 (1975). This court has defined an abuse of discretion as "exceeding the bounds of reason, all the circumstances before the lower court being considered." Valley Heating, Cooling Electric Co. v.Alabama Gas Corporation, 286 Ala. 79, 237 So.2d 470 (1970). Discretion exercised by the trial court with respect to a preliminary injunction is a legal or judicial one which is subject to review for abuse or improper exercise, as where there has been a violation of some established rule of law or principle of equity, or a clear misapprehension of controlling law, and where an abuse of discretion is clearly made to appear, the appellate court will reverse the order or decree.Lorch, supra.
Injunctions will not be granted "merely to allay apprehension of injury; *Page 20 
the injury must be both imminent and irreparable in a court of law." Cullman Property Co. v. H.H. Hitt Lumber Co., 201 Ala. 150,153, 77 So. 574, 577 (1917). Under prevailing Alabama law, Bayou Cable was obligated to establish a number of elements as conditions necessary to support the issuance of a preliminary injunction. First, the burden was on Bayou Cable to show that it would suffer irreparable injury. First City National Bank ofOxford v. Whitmore, 339 So.2d 1010 (Ala. 1976). Bayou Cable presented no evidence supporting its contention that it would suffer irreparable injury if the preliminary injunction was not issued. The only evidence regarding injury was in the testimony of David Gary, the President of Cable Man, who stated that his company informed defendants of the cost of replacing the damaged cables. This information was readily ascertainable and certainly did not show irreparable injury.
Second, an injunction, like any other equitable remedy, will only issue where there is no adequate remedy at law. Watts v.Victory, 333 So.2d 560 (Ala. 1976). One potential adequate remedy at law is an award of money damages; therefore, Bayou Cable cannot demonstrate there is no adequate remedy at law.
Bayou Cable contends the damages to its business are too speculative to be readily ascertained. However, there is no testimony in the record to indicate that the cuts to Bayou Cable's cables cost it any customers, damaged its reputation, or in anywise caused a loss of business. Such unsupported conjecture does not relieve Bayou Cable of its burden of laying the necessary predicates for issuing it an injunction.
Moreover, an examination of the trial court's order granting the preliminary injunction reveals that it violates Rule 65 (d)(2), ARCP, by failing to give reasons for the issuance of the injunction and failing to be specific in its terms.
The pertinent parts of Rule 65 (d)(2) read as follows:
 "(2) Every order granting an injunction shall set forth the reasons for its issuance; shall be specific in terms. . . ."
The trial court's order granting the preliminary injunction as amended, nunc pro tunc, reads:
 "This cause coming on to be heard on application for Preliminary Injunction as filed by the Plaintiff, Bayou Cable T.V., and the parties appearing in Court with their respective attorneys of record and the Court hearing testimony offered and exhibits presented into evidence and the Court having duly considered all matters before the Court at this time is of the opinion that the Preliminary Injunction should issue, and upon consideration, it is ORDERED and DECREED by the Court that a Preliminary Injunction, be, and hereby is issued in this cause restraining the Defendants and each of them, from willfully and wantonly cutting, tampering, or otherwise obstructing Plaintiff's television cables or interfering with the signals passing through them, pending a hearing on the merits of this cause, upon the Plaintiff posting a bond with the Register of this Court in the amount of $5,000.00 conditioned as provided by law to be approved by the Register of this Court."
It is apparent the order does not comply with Rule 65 (d)(2). There are no reasons given for the issuance of the preliminary injunction; not even a recital that irreparable loss to Bayou Cable will result if the injunction is not issued. Under Rule 65 it is mandatory that a preliminary injunction order give reasons for issuing the injunction, be specific in its terms, and describe in reasonable detail the act or acts sought to be restrained. International Brotherhood of Electric Workers v.Morton, 365 So.2d 662 (Ala. 1978).
Since the provisions of Rule 65 (d)(2) were not followed, and there was no evidence of an irreparable injury or lack of an adequate remedy at law, the order of the trial court is hereby reversed and the preliminary injunction *Page 21 
of 6 January 1982 is hereby dissolved.
REVERSED AND RENDERED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.