Don Martin, individually, and C C Land Corporation ("C 
C") appeal the trial court's order granting a preliminary injunction in favor of First Federal Savings and Loan Association of Andalusia ("First Federal"). We affirm.
First Federal, a nationally chartered savings and loan association, has its principal place of business in Covington County, Alabama. Don Martin is a resident of Montgomery County and is the president of C C, which has its principal place of business in Montgomery County. The business of C C is to lend money to third parties to purchase the homes constructed by Martin Realty and Construction Company[1] and to take back purchase money mortgages, which are later sold by C C to various financial institutions.
In the instant case, First Federal agreed to purchase from C C first mortgage loans on real estate. As part of the same transaction, C C agreed to service these mortgage loans by collecting the mortgage payments, taking a small commission, and remitting the balance to First Federal on a monthly basis. Also, as part of the same transaction, C C and Don Martin individually agreed to repurchase any mortgage sold to First Federal if the mortgage became 60 days delinquent. Under the servicing agreement, C C agreed to hold all mortgage payments in a trust account and to remit the mortgage payments, less the *Page 1077 
servicing fee, to First Federal on the 15th of each month. C 
C also agreed to notify First Federal of any default by the mortgagor within 30 days of the default.
After First Federal learned that C C was having financial difficulty and learned of discrepancies in First Federal's legal position as first mortgage holder, of the existence of mortgage defaults, and of C C's failure to hold the mortgage payments in trust for First Federal, it wrote C C, terminating the servicing agreement. Upon termination of the servicing agreement, First Federal notified the mortgagors to make all future mortgage payments directly to First Federal. When the mortgagors contacted C C to determine whether to make payments to C C or to First Federal, they were told to disregard First Federal's letter and to continue making payments directly to C C. Thereafter, First Federal filed suit in Covington County, seeking injunctive relief to protect its interests, and alleging, among other claims, fraud and breach of contract.
Martin filed a motion to dismiss for improper venue. Subsequently, First Federal filed an application for a temporary restraining order, accompanied by a verified complaint and affidavit, alleging that First Federal did not have an adequate remedy at law and that the failure to grant the temporary restraining order would result in irreparable harm to First Federal. The trial court granted the temporary restraining order, but pretermitted a finding of whether venue was properly laid in Covington County, specifically holding that "the issue of venue may be addressed subsequently, and an appropriate order may be subsequently entered transferring this matter to some other court if . . . venue is not properly laid in . . . Covington County, Alabama."
Thereafter, Martin filed a motion to dissolve the temporary restraining order and to dismiss the complaint for improper venue. On the same day, First Federal filed a motion for a preliminary injunction. After an ore tenus hearing on First Federal's motion for a preliminary injunction, the trial court entered an order that reads, in pertinent part, as follows:
 "[A]ll parties presented evidence relating to a preliminary injunction.
 "The Defendants having insisted that their motion for change of venue is proper and the Court having delayed a ruling on this motion at the hearing on the temporary restraining order, and the Court having duly understood and considered this cause is now of the opinion that said motion for change of venue is not well-taken and that the motion for change of venue be and the same is hereby overruled and denied.
 "The Court having considered the evidence presented is of the opinion that the Plaintiff is entitled to a preliminary injunction for the reason that the Defendant Martin, the agents, servants, or employees of the corporate Defendant, have deliberately converted to the use of the Defendants monies due to be paid to the Plaintiff; and have actively engaged in conduct which would be detrimental to the Plaintiff's assertion of the rights granted to Plaintiff to collect payments due on mortgages transferred to the Plaintiff by one or more of the Defendants. The Alabama Rules of Civil Procedure provide that a reason for granting a preliminary injunction must be stated and this Court quite frankly states that the reason for granting this preliminary injunction is to accomplish what in street terms is called 'stopping the bleeding.'
 "The Court is reasonably satisfied that irreparable injury would be done if this preliminary injunction is not issued; it is therefore ORDERED, ADJUDGED and DECREED by the Court as follows:
 "1. That a preliminary injunction shall issue upon the Plaintiffs filing an injunction bond in form and terms as required by the Alabama Rules of Civil Procedure in the amount of Fifteen Thousand Dollars ($15,000) to be approved by the Clerk of this Court. *Page 1078 
 "2. That upon approval by the Clerk of the bond herein ordered,[2] a preliminary injunction shall issue against the Defendants enjoining and restraining the Defendants, and their officers, agents or employees and any person acting for or on behalf of the Defendants from:
 "(1) interfering in any way [with] the collecting by the Plaintiff of mortgage payments due on any mortgage sold by any of the Defendants to the Plaintiff; (2) interfering in any way with the efforts of the Plaintiff to have the mortgagors on said mortgages make their payments to the Plaintiff rather than to the Defendants; (3) in any way attempting to have any mortgagor make a payment on any mortgage transferred to the Plaintiff to the Defendants rather than the Plaintiff; (4) failing to deliver to the Plaintiff any monies in possession of any of the Defendants which have been collected by the Defendants on mortgages sold by the Defendants, or any of them to the Plaintiff; (5) doing any act by which the Defendants knowingly convert monies belonging to the Plaintiff to the use and benefit of the Defendants." (Emphasis supplied.)
Under the ore tenus rule, the trial court's decision based upon ore tenus evidence, where supported by the evidence, is presumed correct and should be reversed only if the judgment is found to be plainly and palpably wrong, after a consideration of all of the evidence and after making all inferences that can logically be drawn from the evidence. See City of Birmingham v.Sansing Sales of Birmingham, Inc., 547 So.2d 464 (Ala. 1989);King v. Travelers Ins. Co., 513 So.2d 1023 (Ala. 1987); andRobinson v. Hamilton, 496 So.2d 8 (Ala. 1986); see, also, Meeksv. Hill, 557 So.2d 1238 (Ala. 1990). The trial court's judgment will be affirmed if there is credible evidence to support it. City of Birmingham v. Sansing Sales of Birmingham,Inc., supra; see, also, American Casualty Co. v. Wright,554 So.2d 1015 (Ala. 1989).
The issue before us is whether the trial court's finding that irreparable harm would result if the preliminary injunction was not issued was plainly and palpably erroneous. We hold that the trial court's finding was not plainly and palpably erroneous.
Upon review on an appeal from an order granting a motion for a preliminary injunction, wide discretion is accorded the trial judge hearing the motion and deciding whether to grant the injunction, and his action will not be disturbed on appeal unless he abuses his discretion. Chunchula Energy Corp. v.Ciba-Geigy Corp., 503 So.2d 1211 (Ala. 1987); Alabama EducationAss'n v. Board of Trustees of the University of Alabama,374 So.2d 258 (Ala. 1979), citing Lorch, Inc. v. Bessemer MallShopping Center, Inc., 294 Ala. 17, 310 So.2d 872 (1975). The trial judge's discretion is a legal or judicial one, subject to review for abuse or improper exercise, as where there has been a violation of some established rule of law or principle of equity, or a clear misapprehension of the controlling law.Lorch, Inc. v. Bessemer Mall Shopping Center, Inc., supra; see, also, Chunchula Energy Corp. v. Ciba-Geigy Corp., supra;Alabama Education Ass'n v. Board of Trustees of the Universityof Alabama, supra. To establish an abuse of that discretion, Martin must show that the trial judge committed a clear and palpable error which, unless corrected, will constitute manifest injustice. Alabama Education Ass'n v. Board ofTrustees of the University of Alabama, supra. See Adams v.Farlow, 516 So.2d 528 (Ala. 1987).
A preliminary injunction will not issue unless without it the plaintiff would suffer immediate and irreparable injury and unless the plaintiff has no adequate remedy at law.Chunchula Energy Corp. v. Ciba-Geigy Corp., supra; Teleprompterof Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17 (Ala. 1983). The burden is on the complainant to satisfy the trial court that there is at least a reasonable probability of ultimate success on the merits of the case. See Alabama Education Ass'nv. Board of *Page 1079 Trustees of the University of Alabama, supra.
In Howell Pipeline Co. v. Terra Resources, Inc.,454 So.2d 1353, 1356 (Ala. 1984), we noted the development of a three-pronged test by which the trial court can review a motion for a preliminary injunction:
 "1. '. . . if [the trial judge] finds that the party has presented a fair question as to the existence of the right to be protected, and further finds that temporary interference to preserve the status quo is convenient and expedient, then he may exercise his discretion and grant the injunction.'
 "2. '. . . An injunction should not be granted unless it is necessary to prevent irreparable injury.'
 "3. 'Injunctions . . . will not be granted merely to allay apprehension of injury; the injury must be both imminent and irreparable in a court of law.' "
Quoting from Double C. Productions, Inc. v. ExpositionEnterprises, 404 So.2d 52, 54 (Ala. 1981). See, also, Adams v.Farlow, supra, at 536-37. In applying these standards, the trial court, in its discretion and given the facts and circumstances of each case, may consider and weigh the relative hardships that each party may suffer against the benefits that may flow from the grant of the preliminary injunction. SeeAdams v. Farlow, supra; John Lloyd Co. v. Stringer,456 So.2d 1076 (Ala. 1984); Howell Pipeline, supra.
At the evidentiary hearing on the motion for the preliminary injunction, First Federal presented evidence that Martin's continued conversion of First Federal's funds, Martin's intentional interference with First Federal's efforts to directly collect the mortgage payments, and the poor financial condition of C C, as indicated by C C's financial statement, would result in immediate and irreparable injury to First Federal if the injunction did not issue and established that there was no adequate remedy at law. See Chunchula EnergyCorp. v. Ciba-Geigy Corp., supra; and Teleprompter of Mobile,Inc. v. Bayou Cable TV, supra.
In addition, Martin's testimony that he had fraudulently suppressed information from First Federal that would have given rise to his personal liability under repurchase agreements, that in collecting monthly mortgage payments from mortgagors he was converting trust funds owned by First Federal, that he was failing to remit those payments to First Federal, and that, although he had received First Federal's notice terminating the servicing agreement, he failed to have C C perform an accounting and turn over to First Federal all monies that were supposed to be in the trust accounts, presented a fair question as to the existence of a right to be protected and established that there was a substantial likelihood that First Federal would succeed on the merits of the case. See Alabama EducationAss'n v. Board of Trustees of the University of Alabama, supra. Martin offered little evidence to prove the harm that, he says, would occur by the trial court's issuing the preliminary injunction, especially in light of the trial court's order requiring First Federal to post a $15,000 bond to indemnify C 
C for any loss that it might incur by the entry of the preliminary injunction.
We must remember that this is an appeal from the grant of a preliminary injunction, not an appeal from a final decision on the merits. Therefore, based on the foregoing, we cannot say that the trial court abused its discretion in granting First Federal's request for preliminary injunction.
We note Martin's allegations that the trial court's order failed to satisfy Rule 65(d)(1), (2), A.R.Civ.P.,[3] in that the trial court failed to set forth its reasons for issuing the preliminary injunction. *Page 1080 
The provisions of Rule 65(d)(1), (2) are mandatory requirements. Chunchula Energy Corp. v. Ciba-Geigy Corp., supra. After a thorough review of the trial court's order granting the preliminary injunction, as quoted hereinabove, we find that the trial court did comply with Rule 65(d)(1), (2).
Based on the foregoing, we conclude that the trial court's finding that irreparable harm would result if it refused to grant the preliminary injunction was not plainly and palpably erroneous; therefore, the trial court's order granting First Federal's motion for a preliminary injunction is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
[1] Don Martin owns Martin Realty and Construction Company, whose business is to acquire and develop real estate by constructing residences for low and moderate income individuals.
[2] The clerk approved the injunction bond required by order of the trial court.
[3] "(1) Every order granting a restraining order shall describe in reasonable detail . . . the act or acts sought to be restrained. . . ."
"(2) Every order granting an injunction shall set forth the reason for its issuance; shall be specific in terms; shall describe in reasonable detail . . . the act or acts sought to be restrained. . . ."