ROBERTSON, Judge.
This is a contract case.
Custom Products and Services, Inc. (contractor), brought an action against Walter Gallei for work and labor done. Contractor also asserted breach of contract and requested that a materialman’s lien be placed on Gallei’s property.
Gallei counterclaimed for breach of contract and requested damages for inferior workmanship.
The case was tried before the trial court without a jury. The court found that the contractor did not substantially perform its contract with Gallei, and that much of contractor’s work was not done in a reasonable, workmanlike manner. ■ The court further found that the evidence was insufficient to establish with any certainty the true value of contractor’s work and that the evidence was also insufficient to establish the costs incurred by Gallei in bringing the work done into compliance with the parties’ contract. In short, the court determined that there was a failure of proof on these issues.
In consideration of the above findings, the court ordered that judgment be entered in favor of Gallei on contractor’s complaint and in favor of contractor on Gallei’s counterclaim.
Contractor then filed a motion requesting that the trial court alter, amend or vacate its judgment, or in the alternative, that it grant contractor a new trial.
The court denied contractor’s posttrial motion. Contractor now appeals.
In nonjury cases, where evidence is heard by the trial court and it sits as fact-finder, the ore tenus rule applies. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985). Consequently, a presumption of correctness attaches to the trial court’s findings, and its judgment will be affirmed unless it is palpably wrong, without supporting evidence, or manifestly unjust. Clardy.
The trial court in this case heard the witnesses, saw photographs of contractor’s work, and was presented various bills and invoices concerning the work done by contractor. We have examined this evidence and find no precedential value in reciting it.
Simply put, we cannot say that the conclusions drawn by the trial court are so unsupported by the evidence as to necessitate reversal.
Finally, we also note-that contractor asserts that the court erred in not finding that contractor was entitled to the enforcement of a materialman’s lien. We note, however, that § 35-11-210, Code 1975, provides that a lien “shall extend only to the amount of any unpaid balance due the contractor by the owner....”
*835 Here, the court did not determine that an unpaid balance existed between Gallei and contractor. Thus, no lien could attach. Abell-Howe Co. v. Industrial Development Bd., 392 So.2d 221 (Ala.Civ.App.1980).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.