ROBERTSON, Presiding Judge.
Lonnie and Jacqueline McCorvey sued Gordon’s Auto Sales (Gordon’s Auto) for breach of an express warranty. The complaint alleged that they had purchased a 1979 Pontiac Firebird automobile from Gordon’s Auto; that the car “ran hot” and ceased operating twice; that it was discovered that the car’s motor was not functioning properly; that Gordon’s Auto refused to repair the engine of the car; and that Gordon’s Auto owed them $1,500. The small claims court found in favor of Gordon’s Auto, and the McCorveys appealed to the Circuit Court of Mobile County. Following an ore tenus proceeding, the trial court found in favor of the McCorveys and awarded them a judgment in the amount of $900. Gordon’s Auto appeals.
The sole issue raised on appeal is whether the evidence presented at trial was sufficient to support a finding of a breach of an express warranty.
Gordon’s Auto cites Massey-Ferguson, Inc. v. Laird, 432 So.2d 1259 (Ala.1983). In Massey-Ferguson the seller attempted several times to remedy the defects in a combine at its expense. The seller argued that it had an unlimited period of time to remedy the defects, but our supreme court disagreed with this argument. Instead, it found that “the combine was not repaired within a reasonable time and that the limited warranty had failed of its essential purpose.” Massey-Ferguson at 1264. Gordon’s Auto cites no other authority in its brief.
Mr. Lonnie McCorvey testified that he purchased the car from Gordon’s Auto on September 19, 1991; that the bill of sale expressly gave him a 30-day warranty; that on the same day the car was tendered to him the car began to run hot; that the next morning, Gordon’s Auto worked on the car; that the next week the car ran hot again, and again Gordon’s Auto worked on the car; that the third time the car was “missing” and backfiring, Gordon’s Auto did not return the car to him until the 30-day warranty had expired; that in November 1991, the car had the same mechanical problems that it had during the 30-day *386 warranty period; that ultimately, McCor-vey and a friend repaired the car by rebuilding the engine; that he spent $700 on parts to repair the ear; and that other mechanics estimated the cost of repairing the car to be between $1,200 and $1,600.
Mrs. Gloria Gordon, who was not represented by counsel, testified that she sold the car to McCorvey and included a 30-day warranty on the car; that on October 18, when the 30-day warranty had expired, the car had been repaired and McCorvey’s son took the car; and that on October 21 McCorvey paid Gordon $370, the balance on the car.
Where the testimony is presented ore tenus, and the trial court sits as the factfinder, the ore tenus rule applies. Custom Products & Services, Inc. v. Gallei, 574 So.2d 833 (Ala.Civ.App.1990). Consequently, a presumption of correctness attaches to the trial court’s judgment and should be reversed
“only if the judgment is found to be plainly and palpably wrong, after a consideration of all the evidence and after making all inferences that can logically be drawn from the evidence. The trial court’s judgment will be affirmed if there is credible evidence to support it.”
Martin v. First Federal Savings & Loan Ass’n of Andalusia, 559 So.2d 1075, 1078 (Ala.1990).
After a review of the record, we cannot find that the trial court’s judgment is plainly and palpably wrong or without supporting credible evidence. The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.