THOMPSON, Judge.
The law firm of Ray, Oliver & Ward, L.L.C., filed a complaint against Earl C. Bloom, William Q. Bird, and the law firm of Bird, Ballard & Still. The parties had jointly *878 prosecuted a medical-malpractice action that resulted in a settlement. In its complaint, Ray, Oliver & Ward alleged that a dispute had arisen between the parties regarding the division of the attorney fee. Ray, Oliver & Ward sought to be awarded a sum equal to one-third of the total attorney fee. The defendants answered and denied liability.
On September 24, 1997, Ray, Oliver & Ward moved for a preliminary injunction, seeking to have funds in the amount of one-third of the total attorney fee held in a “trust account” until this dispute is resolved. At the hearing on the motion for a preliminary injunction, the trial court took no testimony; rather, it heard the arguments of counsel and considered the exhibits submitted by counsel. The trial court entered an order granting Ray, Oliver & Ward’s motion for a preliminary injunction and enjoined Bloom from:
“withdrawing any funds received [as an attorney fee in the medical-malpractice action] and retained by him ... or any earnings upon said funds from either account into which the same were deposited at the time his deposition was taken in this cause or from any account to which he transferred funds subsequent to the deposition in this cause.”
Bloom appealed to the Supreme Court of Alabama, which transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.
The record indicates that Bloom, Bird, and several attorneys in the firm of Ray, Oliver & Ward provided legal services in the medical-malpractice action. Bloom was originally retained by the plaintiff in the medical-malpractice action. Bloom subsequently associated the firm of Ray, Oliver & Ward to assist in representing the plaintiff. Although Ray, Oliver .& Ward assisted in reviewing medical records, maintaining the files, performing legal research, and opposing the medical-malpractice defendants’ motion for a summary judgment, it appears that most of the legal services in the case were provided by the defendants to this present action. Ray, Oliver & Ward alleges that it promised to be responsible for its share of the expenses of the medical-malpractice action in the event the plaintiffs did not prevail.
The total attorney fee from the proceeds of the medical-malpractice settlement was $969,906.10. The court order approving that settlement provided that the attorney fee be paid to Bloom and Bird; that order omitted Ray, Oliver & Ward as counsel for the plaintiff. Bloom placed the proceeds from the total attorney-fee award into a separate account. Bloom paid Bird $569,906.10 as his portion of-the attorney fee.
Ray, Oliver & Ward discussed with Bloom its omission as a payee. Bloom told Ray, Oliver & Ward that he was maintaining the remaining funds from the attorney fee award, approximately $400,000, in a trust account and assured Ray, Oliver & Ward that the firm would be paid an attorney fee. On September 27, 1996, on motion of Ray, Oliver & Ward, the court that had approved the medical-malpractice settlement amended the settlement order to add Ray, Oliver & Ward as an attorney payee. That court also ordered that “[tjhose funds currently held in the account of Earl C. Bloom, Jr., Attorney at Law, be disbursed pursuant to the respective interests of all Plaintiffs counsels of record.” A statement of the account in which Bloom maintained the approximately $400,000 in undisbursed attorney fees indicates that, on December 31,1996, the account had a balance of $404,921.34. However, in January 1997, Bloom withdrew $242,953.34 from the account, leaving $161,968 in the account. It is undisputed that Bloom has spent some of the money he withdrew and that other amounts have been commingled with other funds.
The parties did not have a written contract detailing the division of the attorney fee and had not discussed the specific division of the attorney fee before the case was settled. Ray, Oliver & Ward claims that it is entitled to one-third of the total attorney fee because it agreed to be liable for its share of the expenses of the action in the event the plaintiffs did not recover.
In seeking the preliminary injunction, Ray, Oliver & Ward sought to preserve the remainder of the total attorney fee in either of Bloom’s accounts until the resolution of the dispute.
“[T]he grant of, or refusal to grant, a preliminary injunction rests largely in the discretion of the trial court and that court’s latitude in this area is considerable; if no abuse of that discretion is shown, its action *879 will not be disturbed on appeal. Lorch, Inc. v. Bessemer Mall Shopping Center, 294 Ala. 17, 310 So.2d 872 (1975). This court has defined an abuse of discretion as ‘exceeding the bounds of reason, all the circumstances before the lower court being considered.’ Valley Heating, Cooling & Elec. Co. v. Alabama Gas Corporation, 286 Ala. 79, 237 So.2d 470 (1970). Discretion exercised by the trial court with respect to a preliminary injunction is a legal or judicial one which is subject to review for abuse or improper exercise, as where there has been a violation of some established rule of law or principle of equity, or a clear misapprehension of controlling law, and where an abuse of discretion is clearly made to appear, the appellate court will reverse the order or (judgment]. Lorch, supra.”
Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17, 19 (Ala.1983).
In order for a trial court to properly grant the motion for a preliminary injunction, the party seeking the injunction must show all of the following: that the party would suffer immediate and irreparable injury without the injunction; that the party has no adequate remedy at law; that the party has at least a reasonable chance of prevailing on the merits of the case; and that the hardship the injunction would cause to the enjoined party would not unreasonably outweigh the benefit to the party seeking the injunction. Perley v. Tapscan, Inc., 646 So.2d 585 (Ala.1994); Martin v. First Federal Sav. & Loan Ass’n of Andalusia, 559 So.2d 1075 (Ala.1990).
In its order granting the preliminary injunction, the trial court found that Ray, Oliver & Ward would suffer irreparable harm if the preliminary injunction were not granted. Bloom argues that the trial court erred in granting the motion for the preliminary injunction because, he argues, Ray, Oliver & Ward would not suffer irreparable harm and because it has an adequate remedy at law.
An “irreparable injury” is an “injury that [cannot] be adequately compensated for by damages at law.” Benetton Services Corp. v. Benedot, Inc., 551 So.2d 295, 299 (Ala.1989). In Benetton Services Corp., our supreme court reversed the trial court’s entry of an injunction to prevent a creditor from gaining funds through an irrevocable letter of credit. The court held that because Benetton could sue for breach of contract, it had an adequate remedy at law. Benetton Services Corp. v. Benedot, Inc., supra.
In Perley v. Tapscan, Inc., 646 So.2d 585 (Ala.1994), Perley sought an injunction to invalidate corporate bylaws and to have himself reinstated as president of a corporation. The trial court held that Perley had not shown that he would suffer an irreparable injury. The Alabama Supreme Court affirmed, holding that there was no showing of irreparable harm and that Perley could recover monetary damages for any injury he might suffer. Perley v. Tapscan, Inc., supra.
In Teleprompter of Mobile, Inc v. Bayou Cable TV, supra, the court reversed the issuance of an injunction. The court stated, “[o]ne potential adequate remedy at law is an award of money damages; therefore, the [party seeking the injunction] cannot demonstrate there is no adequate remedy at law.” Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d at 20. The court held that the plaintiff would not suffer irreparable injury if the defendant cut its cable lines because the cut cable lines could be replaced or a judgment could be obtained for money damages. Teleprompter of Mobile, Inc v. Bayou Cable TV, supra.
In this case, if Ray, Oliver & Ward prevails on the merits of its claim, it will be awarded a judgment for money damages. Ray, Oliver & Ward argues that there is no guarantee that Bloom will not dispose of the remaining funds that are within his own account. However, injunctions will not be granted “ ‘merely to allay the apprehension of an injury.’” Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d at 20.
We hold that there is an adequate remedy at law. We must reverse the trial court’s issuance of the preliminary injunction.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ„ concur.