YATES, Judge.
The defendants, Ciernan Eugene Elliott and Norma Jean Elliott, appeal from a preliminary injunction prohibiting them from foreclosing or publishing foreclosure notices on real property owned by Ole Town Ventures III, L.L.C. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
On September 1, 1998, Ole Town purchased from the Elliotts, for $148,500, a piece of land located in Jefferson County. Ole Town paid $40,000, with the remainder of the purchase price financed by the El-liotts through a purchase-money mortgage on the land. The mortgage agreement contained a provision for partial release, whereby the Elliotts would release two lots from the mortgage lien so that Ole Town could develop and sell those lots. Those lots were sold to Daryl E. Jones Construction Company. A house has been built on one lot, and another house is under construction on the other lot. The loan agreement contained the following conditions:
“2. INTEREST
“Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 8.0%. Interest shall not be compounded.
“The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.
“3. PAYMENTS
“(A) Time and Place of Payments
“All outstanding principal and accrued interest shall be due and payable on September 1, 2001.
“I will make all payments to the Note Holder at 10134 Bradford Trafford Road, Trafford, Alabama 35172, or at such other address as the Note Holder may specify from time to time.”
In October 1999, the Elliotts demanded payment under the loan. On October 12, 1999, the attorney who had conducted the closing on the property wrote the Elliotts, stating that no payments were due until the note matured on September 1, 2001. On October 18, 1999, an attorney for the Elliotts sent a letter to the closing attorney, demanding payment and notifying Ole Town that if payment was not made within 10 days they would proceed with foreclosure. On November 3, 1999, 'the Elliotts again notified Ole Town that it was in default of the loan and that all sums under the note were then due. On December 8, 1999, the Elliotts sent a notice of foreclosure to be published in the Alabama Messenger newspaper on December 18 and 25, 1999, and January 1, 2000.
After being sent a copy of the foreclosure notice to be published in the newspaper, Ole Town filed a verified complaint for a temporary restraining order, a preliminary injunction, a permanent injunction, *134 and other relief. Ole Town stated in its complaint that it was not in default, because, it said, no payments were due until September 1, 2001, in accordance with the loan agreement. Ole Town’s complaint contained claims alleging slander of title, a breach of covenant against encumbrances, a breach of covenant of quiet enjoyment, fraud, and a breach of warranty of title. Following a hearing on the injunction issue only, the trial court granted a preliminary injunction on February 16, 2000, prohibiting the Elliotts from foreclosing on the property and from publishing any further foreclosure notices relating to the land except by order of the court. The Elliotts appeal from the preliminary injunction.
Whether to grant a preliminary injunction rests largely in the discretion of the trial court and that court’s latitude in this area is considerable; if no abuse of that discretion is shown, its action will not be disturbed on appeal. Bloom v. Ray, Oliver & Ward, L.L.C., 729 So.2d 877 (Ala.Civ.App.1999).
The moving party has the burden of establishing that a preliminary injunction should be issued. Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17 (Ala.1983). The primary reason for issuing an injunction is to prevent an irreparable injury, i.e., one not redressable with pecuniary damages in a court of law. Triple J Cattle, Inc. v. Chambers, 551 So.2d 280 (Ala.1989).
The Elliotts argue that the injunction does not meet the mandatory requirements of Rule 65(d)(2), Ala.R.Civ.P., and, therefore, that the injunction order must be reversed.
Rule 65(d)(2) provides:
“Every order granting an injunction shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.”
In Appalachian Transportation Group, Inc. v. Parks, 738 So.2d 878 (Ala.1999), the preliminary injunction failed to satisfy Rule 65(d)(2) requirements, because it did not contain the reasons for issuing the injunction. Also, the trial court had failed to state that irreparable harm would occur without the issuance of an injunction restraining the potential buyer of another corporation’s assets from collecting moneys due from accounts receivable, or from contacting customers or debtors during the option period on the purchase contract. In the present case, the injunction does not set out the reasons for its issuance and it does not state that but for an injunction irreparable harm would occur.
Because the trial court did not follow the mandatory provisions of Rule 65(d)(2), the preliminary injunction is due to be dissolved. Our holding does not preclude Ole Town from again requesting an injunction, should Ole Town deem it necessary to do so. See Tapscott v. Fowler, 437 So.2d 1280 (Ala.1983). The injunction order judgment is reversed, and the case is remanded for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.