PER CURIAM.
The Colbert County Board of Education (“the Board”); and the individual members of the Board;[1] Billy Hudson, superintendent of the Colbert County School System; Jackie Witt, principal of Colbert County High School; and Jeff Burbank, an assistant principal at Colbert County High School (hereinafter referred to collectively as “the individually named defendants”), appeal from the trial court’s judgment *475 granting Felecia James’s motion for a preliminary injunction. We dismiss the appeal in part, reverse the trial court’s judgment entering the preliminary injunction, and remand the cause.

Facts and Procedural History

On or about May 21, 2010, an incident occurred at Colbert County High School (“CCHS”) involving J.H., James’s minor child, and another minor enrolled in CCHS. The incident, the details of which are in dispute, led Burbank to suspend both students for three days for allegedly fighting on school property during school hours. Burbank also required each of the suspended students to attend the Colbert County School System’s alternative school (“the alternative school”) for 15 days at the beginning of the following academic school year, i.e., the 2010-2011 school year. It also appears that there was a notation placed in J.H.’s academic file to the effect that he had been suspended and placed in the alternative school because of fighting.
James appeared before the Board to discuss the situation on June 24, 2010. The Board apparently took no action, and, on July 20, 2010, James, “individually and as mother and guardian of J.H.,” sued the Board and the individually named defendants asserting state-law and federal-law claims and seeking injunctive relief, declaratory relief, compensatory damages, punitive damages, costs, interest, and “any other relief to which [James] may be entitled.”[2] On July 21, 2010, James filed a motion for a temporary restraining order, a preliminary injunction, and a permanent injunction, alleging, in pertinent part, as follows:
“1. [The Board and the individually named defendants have] wrongfully imposed discipline on [J.H.].
“2. [J.H.’s] school record wrongfully shows he was found to be fighting at school.
“3. [The Board and the individually named defendants] intend on further wrongfully imposing discipline on [J.H.] when school begins on Monday, August 9, 2010 and [the Board is] scheduled to impose three (3) weeks of the first six (6) week grading period in suspension/alternative school due to the wrongful application of the [Board’s] policies, procedures, and practices as well as [the Board and the individually named defendants’] failure to provide [J.H.] procedural and substantive due process.
“4. [James] has a likelihood of success on the merits. See complaint attached hereto as Exhibit A.[3]
“5. There is no adequate remedy available by law.
“6. [J.H.] will suffer irreparable harm without the injunction.
“7. The hardship imposed on the [Board and the individually named defendants] will not unreasonably outweigh the benefit accruing to the requesting party.
“8. A temporary restraining order and injunction will not prejudice the [Board and the individually named defendants].
“9. The temporary restraining order, preliminary injunction and permanent injunction are proper. SouthTrust Bank of Alabama, N.A. v. Webb-Stiles Co., 931 So.2d 706, 708 (Ala.2005) (quoting Ormco Corp. v. Johns, 869 So.2d *476 1109, 1113 (Ala.2003), quoting in turn Perley v. Tapscan, Inc., 646 So.2d 585, 587 (Ala.1994)).
“10. [James] has made a diligent effort to contact [the Board] to discuss resolution without success.
“11. No bond is necessary because no damage to the [Board and the individually named defendants] will attach with the entry of a temporary restraining order, preliminary and permanent injunction.
“WHEREFORE, premises considered, [James] respectfully requests the Court grant a temporary restraining order and injunction prohibiting the [Board and the individually named defendants] from imposing wrongful discipline on [J.H.] and requiring removal of references to wrongfully imposed discipline on [J.H.] pending further order of this Court.”
The Board and the individually named defendants did not file a response to James’s motion for injunctive relief, although they did file an answer to James’s complaint. A hearing on James’s motion was set for August 3, 2010.
On July 29, 2010, the Board and the individually named defendants filed a motion for a summary judgment asserting absolute immunity on the part of the Board and State-agent immunity on the part of the individually named defendants.[4] A hearing on the summary-judgment motion was set and then continued to January 10, 2011.[5]
Following the August 3, 2010, hearing on James’s motion for injunctive relief, the trial court entered a preliminary injunction against the Board and the individually named defendants on August 4, 2010, holding as follows:
“Upon consideration of the evidence and submissions, the Court finds that [James] will suffer irreparable harm without the injunction; [James] has no adequate remedy at law; [James] has at least a reasonable chance of success on the ultimate merits; and the hardship imposed on the [Board and the individually named defendants] will not unreasonably outweigh the benefit accruing to [James]. SouthTrust Bank of Alabama, N.A. v. Webb-Stiles Co., 931 So.2d 706, 708 (Ala.2005) (quoting Ormco Corp. v. Johns, 869 So.2d 1109, 1113 (Ala.2003), quoting in turn Perley v. Tapscan, Inc., 646 So.2d 585, 587 (Ala.1994)).
“Specifically, [J.H.] will suffer irreparable harm with implementation of discipline (three weeks of alternative school) currently imposed as it will carry forward to the school in which he is newly enrolled if the Court does not enjoin the implementation of said discipline. [James] has at least a reasonable chance of success on the ultimate merits that [J.H.] was denied due process or the conduct of the [Board and the individually named defendants] otherwise violates *477 the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency; or the [Board and the individually named defendants] acted willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law. Ex parte Jones, [52 So.3d 475] (Ala.2010) (quoting Ex parte Cranman, 792 So.2d 392 (Ala.2000)); Ex parte Rizk, 791 So.2d 911 (Ala.2000). The implementation of said discipline will also likely cause ... J.H. to suffer irreparable harm to his right to education and opportunities resulting [therefrom] due to the stigma and discipline that is recorded ... in his student records. [J.H.] may lose his membership in leadership and extra-curricular activities in addition to losing the opportunity to be college educated or accepted otherwise in school. Therefore, the [Board and the individually named defendants] are hereby enjoined from imposing the discipline to [J.H.] as indicated in [J.H.’s] ‘Notice of Student Suspension’ and are hereby directed to remove any and all reference to said discipline and ‘fighting1 from [J.H.’s] school records. The Court also hereby finds that there is no hardship, prejudice, damage or harm to the [Board and the individually named defendants] in ordering said injunction. Otherwise stated, the hardship to the [Board and the individually named defendants] will not unreasonably outweigh the benefit accruing to [J.H.].”
On August 4, 2010, the same day the trial court entered the judgment issuing the preliminary injunction, the Board and the individually named defendants, except Burbank, filed a motion pursuant to Rule 59(e), Ala. R. Civ. P., to alter, amend, or vacate the trial court’s judgment. Those defendants argued that there was no evidence before the trial court upon which it could have entered a preliminary injunction against the Board and the individually named defendants because, they argued, no evidence had been submitted. Those defendants argued that the trial court erred in entering the preliminary injunction relying solely on James’s complaint and her unverified motion requesting in-junctive relief.
On September 17, 2010, James filed a response to the Board and the individually named defendants’ summary-judgment motion and the Rule 59(e) motion. James attached numerous affidavits to her response and states in her brief on appeal that those affidavits “were present at the hearing before the [trial court] on August 3, 2010.” James’s brief, at p. 37. A hearing on the Rule 59(e) motion was set for September 22, 2010, but was continued to January 10, 2011. The trial court never ruled on the Rule 59(e) motion; thus, that motion was denied by operation of law on November 2, 2010. See Rule 59.1, Ala. R. Civ. P. The Board and the individually named defendants appealed on November 8, 2010.

Standard of Review

This Court set forth the standard for reviewing a trial court’s decision to enter a preliminary injunction in Holiday Isle, LLC v. Adkins, 12 So.3d 1173, 1175-76 (Ala.2008):
“We have often stated: ‘The decision to grant or to deny a preliminary injunction is within the trial court’s sound discretion. In reviewing an order granting a preliminary injunction, the Court determines whether the trial court exceeded that discretion.’ SouthTrust Bank of Alabama, N.A. v. Webb-Stiles Co., 931 So.2d 706, 709 (Ala.2005).
*478 “A preliminary injunction should be issued only when the party seeking an injunction demonstrates:
“ ‘ “(1) that without the injunction the [party] would suffer irreparable injury; (2) that the [party] has no adequate remedy at law; (8) that the [party] has at least a reasonable chance of success on the ultimate merits of his case; and (4) that the hardship imposed on the [party opposing the preliminary injunction] by the injunction would not unreasonably outweigh the benefit accruing to the [party seeking the injunction].” ’
“Ormco Corp. v. Johns, 869 So.2d 1109, 1113 (Ala.2003) (quoting Perley v. Tapscan, Inc., 646 So.2d 585, 587 (Ala.1994)).
“To the extent that the trial court’s issuance of a preliminary injunction is grounded only in questions of law based on undisputed facts, our longstanding rule that we review an injunction solely to determine whether the trial court exceeded its discretion should not apply. We find the rule applied by the United States Supreme Court in similar situations to be persuasive; ‘We review the District Court’s legal rulings de novo and its ultimate decision to issue the preliminary injunction for abuse of discretion.’ Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 428, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006); see also Justice Murdock’s special writing while sitting as a judge on the Court of Civil Appeals in City of Dothan v. Eighty-Four West, Inc., 871 So.2d 54, 60 (Ala.Civ.App.2003) (Murdock, J., concurring specially on application for rehearing) (cited with approval in McGlathery v. Richardson, 944 So.2d 968, 970 (Ala.Civ.App.2006)).”

Discussion

I. Immunity Issues

Initially, although not argued by the Board and its members, we must consider whether the Board and its members are immune from the state-law claims filed against them. Atkinson v. State, 986 So.2d 408, 411 (Ala.2007) (holding that issues of § 14, Ala. Const.1901, State immunity “may be raised at any time ... by a court ex mero motu”). Section 14, Ala. Const.1901, provides “[t]hat the State of Alabama shall never be made a defendant in any court of law or equity.” In Ex parte Monroe County Board of Education, 48 So.3d 621 (Ala.2010), this Court held:
‘““Section 14, Ala. Const.1901, provides ‘[t]hat the State of Alabama shall never be made a defendant in any court of law or equity.’ This section affords the State and its agencies an ‘absolute’ immunity from suit in any court. Ex parte Mobile County Dep’t of Human Res., 815 So.2d 527, 530 (Ala.2001) (stating that Ala. Const.1901, § 14, confers on the State of Alabama and its agencies absolute immunity from suit in any court); Ex parte Tuscaloosa County, 796 So.2d 1100, 1103 (Ala.2000) (‘Under Ala. Const, of 1901, § 14, the State of Alabama has absolute immunity from lawsuits. This absolute immunity extends to arms or agencies of the state....’). Indeed, this Court has described § 14 as an ‘almost invincible’ ‘wall’ of immunity. Alabama State Docks v. Saxon, 631 So.2d 943, 946 (Ala.1994). This ‘wall of immunity’ is ‘nearly impregnable,’ Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002), and bars ‘almost every conceivable type of suit.’ Hutchinson v. Board of Trustees of Univ. of Ala., 288 Ala. *479 20, 23, 256 So.2d 281, 288 (1971). Moreover, if an action is an action against the State within the meaning of § 14, such a case ‘presents a question of subject-matter jurisdiction, which cannot be waived or conferred by consent.’ Patterson, 835 So.2d at 142-43.”
“ ‘Haley v. Barbour County, 885 So.2d 783, 788 (Ala.2004) (emphasis added). For purposes of § 14 immunity, county boards of education are considered agencies of the State. Louviere v. Mobile County Bd. of Educ., 670 So.2d 873, 877 (Ala.1995) (“County boards of education, as local agencies of the State, enjoy [§ 14] immunity.”). Thus, this Court has held that county boards of education are immune from tort actions. See Brown v. Covington County Bd. of Educ., 524 So.2d 623, 625 (Ala.1988); Hutt v. Etowah County Bd. of Educ., 454 So.2d 973, 974 (Ala.1984).’
“Ex parte Jackson County Bd. of Educ., 4 So.3d [1099] at 1102-03 [ (Ala.2008) ].
“In Ex parte Hale County Board of Education, 14 So.3d 844 (Ala.2009), this Court revisited the issue whether county boards of education were immune from suit, overruling Sims v. Etowah County Board of Education, 337 So.2d 1310 (Ala.1976), and Kimmons v. Jefferson County Board of Education, 204 Ala. 384, 85 So. 774 (1920), and stating that ‘because county boards of education are local agencies of the State, they are clothed in constitutional immunity from suit’ and that the immunity accorded a county board of education is absolute.”
48 So.3d at 624-25. Therefore, because the Board is absolutely immune under § 14 from the state-law claims filed against it, the trial court lacked jurisdiction over those claims against the Board, and its judgment entering a preliminary injunction against the Board based upon the state-law claims is void; thus, insofar as the Board is appealing from the trial court’s void judgment, the appeal is due to be dismissed. See Ex parte Citizens Bank, 879 So.2d 535, 540 (Ala.2003) (holding “that an appeal from a void judgment must be dismissed”). Further, based upon the Board’s absolute immunity under § 14, the state-law claims against the Board are due to be dismissed for lack of subject-matter jurisdiction.
As to the Board members in their official capacities, this Court has held in Alabama Department of Transportation v. Harbert International, Inc., 990 So.2d 831, 839 (Ala.2008):
“Not only is the State immune from suit under § 14, but ‘[t]he State cannot be sued indirectly by suing an officer in his or her official capacity....’ Lyons [v. River Road Constr., Inc.], 858 So.2d [257,] 261 [ (Ala.2003) ]. ‘Section 14 prohibits actions against state officers in their official capacities when those actions are, in effect, actions against the State.’ Haley v. Barbour County, 885 So.2d 783, 788 (Ala.2004). To determine whether an action against a State officer is, in fact, one against the State, this Court considers
“‘whether “a result favorable to the plaintiff would directly affect a contract or property right of the State,” Mitchell [v. Davis, 598 So.2d 801, 806 (Ala.1992) ], whether the defendant is simply a “conduit” through which the plaintiff seeks recovery of damages from the State, Barnes v. Dale, 530 So.2d 770, 784 (Ala.1988), and whether “a judgment against the officer would directly affect the financial status of the State treasury,” Lyons [v. River Road Constr., Inc.], 858 So.2d [257] at 261 [ (Ala.2003) ].’
*480 “Haley, 885 So.2d at 788. Additionally, ‘[i]n determining whether an action against a state officer is barred by § 14, the Court considers the nature of the suit or the relief demanded, not the character of the office of the person against whom the suit is brought.’ Ex parte Carter, 395 So.2d 65, 67-68 (Ala.1980).”
The Board members in their official capacities are immune under § 14 from the state-law claims filed against them insofar as those claims seek monetary damages. Thus, because the trial court lacked subject-matter jurisdiction over the state-law claims seeking monetary damages filed against the Board members in their official capacities, those claims are due to be dismissed.
Insofar as James seeks injunc-tive relief against the Board members in their official capacities, we note:
“The immunity afforded State officers sued in their official capacities, however, is not unlimited:
“ ‘[Section 14] immunity from suit does not extend, in all instances, to officers of the State acting in their official capacity. Unzicker v. State, 346 So.2d 931 (Ala.1977). In limited circumstances the writ of mandamus will lie to require action of state officials. This is true where discretion is exhausted and that which remains to be done is a ministerial act. See Hardin v. Fullilove Excavating Co., Inc., 353 So.2d 779 (Ala.1977); Tennessee & Coosa R.R. Co. v. Moore, 36 Ala. 371 (1860). Action may be enjoined if illegal, fraudulent, unauthorized, done in bad faith or under a mistaken interpretation of law. Wallace v. Board of Education of Montgomery Co., 280 Ala. 635, 197 So.2d 428 (1967). If judgment or discretion is abused, and exercised in an arbitrary or capricious manner, mandamus will lie to compel a proper exercise thereof. The writ will not he to direct the manner of exercising discretion and neither will it lie to compel the performance of a duty in a certain manner where the performance of that duty rests upon an ascertainment of facts, or the existence of conditions, to be determined by an officer in his judgment or discretion. See Barnes v. State, 274 Ala. 705, 151 So.2d 619 (1963).’
“McDowell-Purcell, Inc. v. Bass, 370 So.2d 942, 944 (Ala.1979).
“Moreover, certain causes of action are not barred by § 14:
“ ‘ “There are four general categories of actions which in Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971), we stated do not come within the prohibition of § 14: (1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgments Act ... seeking construction of a statute and its application in a given situation. 287 Ala. at 229-230, 250 So.2d 677. Other actions which are not prohibited by § 14 are: (5) valid inverse condemnation actions brought against State officials in their representative capacity; and (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law. Wallace v. Board of Education of Montgomery County, 280 Ala. [635] at 639, 197 So.2d 428 [ (1967) ]; Unzicker v. State, 346 So.2d 931, 933 (Ala.1977); *481 Engelhardt v. Jenkins, 273 Ala. 352, 141 So.2d 193 (1962).” ’
“Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d 56, 58 (Ala.2006) (quoting [Ex parte] Carter, 395 So.2d [65,] 68 [ (Ala.1980) ]) (emphasis omitted). These actions are sometimes referred to as ‘exceptions’ to § 14; however, in actuality these actions are simply not considered to be actions “‘against the State” for § 14 purposes.’ Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002). This Court has qualified those ‘exceptions,’ noting that ‘ “[a]n action is one against the [S]tate when a favorable result for the plaintiff would directly affect a contract or property right of the State, or would result in the plaintiffs recovery of money from the [S]tate.”’ Alabama Agric. & Mech. Univ. v. Jones, 895 So.2d 867, 873 (Ala.2004) (quoting Shoals Cmty. Coll. v. Colagross, 674 So.2d 1311, 1314 (Ala.Civ.App.1995)) (emphasis added in Jones).”
Harbert, 990 So.2d at 839-40.
James alleged in her amended complaint that the challenged actions of all the defendants, including the Board members, “were willful, malicious, fraudulent, in bad faith, beyond [their] authority, or under a mistaken interpretation of the law.” Therefore, the Board members are not immune under § 14 from James’s state-law claims insofar as James is seeking injunctive relief based upon the Board members’ alleged fraud, bad faith, or actions that were beyond the Board members’ authority or that were taken under a mistaken interpretation of law.
We also note that the Board and its members are not immune under § 14 from the federal-law claims filed against them. See Abusaid v. Hillsborough County Bd. of County Comm’rs, 405 F.3d 1298, 1315 (11th Cir.2005) (holding that “state sovereign immunity principles are no bar to § 1983 claims against a county”). Further, State-agent immunity, raised by the individually named defendants in their summary-judgment motion still pending before the trial court, but not raised in this appeal, would not operate to bar actions against State agents seeking injunctive or declaratory relief. See Matthews v. Alabama Agric. & Mech. Univ., 787 So.2d 691, 698 (Ala.2000) (noting that an action seeking injunctive or declaratory relief against a State agent is not barred by the doctrine of State-agent immunity). Thus, we now address the merits of the preliminary injunction.

II. Preliminary Injunction

On appeal, the Board and the individually named defendants argue that “[t]he [t]rial [e]ourt abused its discretion when it issued its [preliminary [[Injunction without any evidence in support of its issuance.” The Board and the individually named defendants’ brief, at p. 7. We agree.
This Court has held that, “[u]nder prevailing Alabama law, [one requesting a preliminary injunction is] obligated to establish a number of elements as conditions necessary to support the issuance of a preliminary injunction.” Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17, 20 (Ala.1983). In Bayou Cable, this Court reviewed a trial court’s issuance of a preliminary injunction. In reversing the trial court’s issuance of the preliminary injunction, this Court determined that the party requesting the preliminary injunction had “presented no evidence supporting its contention that it would suffer irreparable injury if the preliminary injunction was not issued.” Id. This Court held that the trial court’s judgment issuing a preliminary injunction was in error because the trial court had failed to follow the provisions of Rule *482 65(d)(2), Ala. R. Civ. P., and because “there was no evidence of an irreparable injury or lack of an adequate remedy at law.” Id.
In the present case, there is nothing to indicate that any evidence had been presented to the trial court before it issued the preliminary injunction against the Board and the individually named defendants. There is no transcript in the record of the August 3, 2010, hearing at which the trial court considered the merits of James’s motion seeking injunctive relief. James does, however, describe in her brief before this Court the August 3, 2010, hearing, as follows:
“In the instant case, the Court set a hearing on August 3, 2010. None of the Defendants or witnesses on their behalf appeared. Defendants filed motions to continue the hearing. Counsel for Defendants did appear. Plaintiff appeared with several witnesses, some of whom executed affidavits properly pending before the Court prior to the hearing on the Defendants’ Motion to Alter, Amend or Vacate on September 22, 2010. After the court spoke with all counsel and determined without objection that there would be no harm or damage[] to Defendants with the entry of a [preliminary] injunction and the irreparable harm to the plaintiff was imminent, the Court entered an order granting the [preliminary] injunction. At the same time, the Court instructed counsel that the testimony on the merits would be held on September 22, 2010.”
James’s brief, at pp. 34-35. Although James indicates that she appeared with witnesses at the August 3, 2010, hearing, she does not indicate, nor does anything in the record indicate, that any of those witnesses testified. Instead, James indicates that the trial court only “spoke with all counsel.”
In Bamberg v. Bamberg, 441 So.2d 970 (Ala.Civ.App.1983), the Court of Civil Appeals held that
“ ‘[e]vidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented to support or oppose a motion for a preliminary injunction.’ 11 C. Wright & A. Miller, Federal Practice and Procedure § 2949, at 469 (1973). In other words, at a preliminary injunction hearing an unverified pleading, without proof of its averments, is insufficient in and of itself upon which to base the issuance of a preliminary injunction.... While [R]ule 65 of the Alabama Rules of Civil Procedure does not explicitly require that oral testimony be presented at a preliminary injunction hearing, some type of evidence which substantiates the pleadings is implicitly required by subsection (a)(2) of that rule.... At a preliminary injunction hearing, ... evidence may take the form of a verified pleading, an affidavit, a deposition, a stipulation, an admission, a written exhibit and/or oral testimony; however, unsworn, or unaffirmed, statements of parties or factual assertions and arguments of counsel would not meet muster.”
441 So.2d at 971. In the present case, James did not submit a verified complaint or a verified preliminary-injunction motion, and it is apparent from James’s own description of the August 3, 2010, hearing that no evidence was submitted to the trial court at that time. Instead, James states that affidavits “were present at the hearing before the [trial court] on August 3, 2010.” James’s brief, at p. 37. However, James first submitted those affidavits to the trial court on September 17, 2010, as attachments to her opposition to the Board and the individually named defendants’ summary-judgment motion and the Rule *483 59(e) motion, and there is nothing to indicate that the trial court ever considered those affidavits before it entered the preliminary injunction on August 4, 2010.
Although the trial court indicated that it was relying upon its “consideration of the evidence and submissions,” there is nothing in the record to indicate that any evidence had been presented when it entered the preliminary injunction. Therefore, we reverse the trial court’s judgment issuing the preliminary injunction against the Board to the extent, if any, that the trial court issued the preliminary injunction against the Board based on James’s federal-law claims, and we reverse the judgment issuing the preliminary injunction against the individually named defendants based upon the complete lack of any evidence supporting the issuance of the preliminary injunction. See Bayou Cable, supra (reversing the trial court’s judgment issuing a preliminary injunction because “there was no evidence of an irreparable injury or lack of an adequate remedy at law”); International Molders & Allied Workers Union v. Aliceville Veneers Div., Buchanan Lumber Birmingham, 348 So.2d 1385 (Ala.1977) (no evidence to sustain the entry of a preliminary injunction); and Bamberg, supra (reversing the trial court’s judgment issuing a preliminary injunction based upon the “complete lack of any supportive evidence”).
The Board and the individually named defendants present other arguments; however, our disposition of the immunity issues and this issue pretermits any discussion of the other arguments raised by the Board and the individually named defendants.

Conclusion

Based on the foregoing, insofar as the Board is appealing the entry of the preliminary injunction against it based upon the state-law claims filed by James, we dismiss the appeal for lack of subject-matter jurisdiction. Because we are reversing the judgment entering the preliminary injunction, we see no need to order the trial court to vacate the preliminary injunction entered against the Board insofar as it is based on those claims. We also order that James’s state-law claims against the Board and her claims seeking monetary damages against the Board members in their official capacities be dismissed for lack of subject-matter jurisdiction. Further, because there was not sufficient evidence to support its issuance, we reverse the trial court’s judgment entering the preliminary injunction against the individually named defendants and, insofar as the preliminary injunction against the Board is based upon James’s federal-law claims, against the Board.
APPEAL DISMISSED IN PART; JUDGMENT ENTERING PRELIMINARY INJUNCTION REVERSED; AND CAUSE REMANDED.
MALONE, C.J., and WOODALL, STUART, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ., concur.

. The individual Board members are Linda Evans, president, and Charles Carter, Mary Moore, Max Eady, Joe Latham, and Frank Williamson.

. James filed an amended complaint on August 26, 2010, which the Board and individually named defendants answered.

3. Although James indicated in her motion that the complaint was attached to the motion, it does not appear from the record that anything was attached to her motion.

. It is unclear from the complaint whether James asserts claims against the individually named defendants in their personal capacities. However, in the motion for a summary judgment those defendants argue that they are entitled to State-agent immunity, which applies only to claims against State agents acting their personal capacities. See Ex parte Cranman, 792 So.2d 392 (Ala.2000).

. On August 12, 2010, before the hearing on the Board and the individually named defendants' summary-judgment motion, the Board and the individually named defendants petitioned this Court for a writ of mandamus directing the trial court to enter a summary judgment on their behalf based on the defenses of absolute immunity and State-agent immunity. This Court denied the Board and the individually named defendants' petition for a writ of mandamus by order of the Court on January 6, 2011. Ex parte Colbert County Bd. of Educ. (No. 1091545, January 6, 2011).