# Third District Court of Appeal

**State of Florida**

Opinion filed May 4, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-702
Lower Tribunal No. 13-35520
_____

**Wells Fargo Bank, N.A., etc.,**
Appellant,

vs.

**Hernandez & Silva Enterprises, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Marvin H. Gillman, Senior Judge.

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, and Diana B. Matson and Joshua R. Levine (Fort Lauderdale), for appellant.

The Arcia Law Firm, P.L., and Omar J. Arcia and Vanessa Jaleh Bravo (Miramar), for appellee Hernandez & Silva Enterprises, Inc.

Before ROTHENBERG, SALTER and SCALES, JJ.

SCALES, J.

In this foreclosure case, the trial court entered judgment for Appellee Hernandez & Silva Enterprises, Inc., based upon Hernandez & Silva's defense asserting that the default notice of Appellant Wells Fargo Bank, N.A. was insufficient as a matter of law.

We reverse the trial court's judgment because the record reveals that the trial court applied the incorrect legal standard in evaluating whether Wells Fargo's default notice complied with Paragraph 22 of the mortgage, the default notice provision.

We have held that a mortgagee's default notice is sufficient if it substantially complies with the mortgage's default notice provision. Bank of N.Y. v. Mieses, No. 15-2042 (Fla. 3d DCA March 16, 2016); SunTrust Mortg., Inc. v. Garcia, No. 15-1372 (Fla. 3d DCA Feb. 10, 2016); Bank of Am. v. Cadet, 83 So. 3d 477, 478 (Fla. 3d DCA 2016) (Mem); Bank of N.Y. Mellon v. Nunez, 180 So. 3d 160, 162 (Fla. 3d DCA 2015). The trial court applied a strict compliance standard in the instant case.[1]

Reversed and remanded for proceedings consistent with this opinion.

---

[1] We note that the trial court order is dated February 25, 2015. The trial court did not have the benefit of these recent decisions.