Dave M. McGlathery, the pastor of the Pine Grove Missionary Baptist Church, appeals an order of the Madison Circuit Court requiring that the church hold a general conference in which it is to consider a grievance filed with the church by Fred Richardson, Robert Drake, John Washington, Othel Washington, Denver A. Betts, Larry Abernathy, Clarence Davis, William H. Readus, Ronnie Smith, W.T. Washington, Dexter Kennedy, Richard Surles, Wayford Davis, and Nero Tucker (hereinafter collectively referred to as "Richardson"). McGlathery first argues that the dispute is an ecclesiastical dispute outside the jurisdiction of a civil court. McGlathery further argues that the order improperly infringes on the authority of the church's Board of Deacons ("the Board"), that the order is too ambiguous to be performed or to be enforceable, and that the trial court's order requiring the general conference is inconsistent with a prior order requiring the church to utilize article X of its bylaws to resolve the grievance. We dismiss the appeal.
At the root of this case is an apparent dispute among some members of the church as to the effectiveness of McGlathery as pastor. Apparently, several complaints against McGlathery were made by parishioners beginning in 2002. The Board, which is composed of 16 of the deacons from the church, investigated those complaints, counseled with McGlathery about concerns raised, and formulated plans to resolve remaining issues. The Board then held a meeting at which the Board, with four members abstaining, passed a vote of confidence in McGlathery.
Some of the members of the church were unhappy with the Board's decision to retain McGlathery and filed an action seeking, among other things, injunctive relief regarding McGlathery's handling of church business. That action was dismissed in May 2003; no appeal followed.
In April 2004, Richardson filed suit against McGlathery and the Board, alleging that they had failed to call a meeting after a specific request, had failed to call periodic meetings, had failed to call monthly meetings, had failed to maintain a roll of active members, had usurped the members' right to participate in a general church conference, and had failed to allow access to church records. Richardson ultimately sought to compel the Board to call a general church conference to permit the church as a representative body to consider the retention of McGlathery. After a hearing, the trial court ordered on August 6, 2004, that the church use the church roll *Page 970 
and article X of the church's bylaws to resolve any grievance. When the Board did not call a general conference by October 2004, Richardson filed what he entitled a "Motion to Set Time Limits for Grievance Consideration and Holding of Church Conference," in which he sought to have the trial court order specifically that a general conference be held in order to resolve the grievance. The trial court granted that motion,[1]
ordering specifically that the Board call a general conference to meet by January 15, 2005. That order was certified as final pursuant to Rule 54(b), Ala. R. Civ. P. McGlathery appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6).[2]
Both parties agree that the appropriate standard of review in this case is de novo review. However, neither party properly characterizes the judgment in the present case, which appears to be a permanent injunction. Because the trial court's judgment was not based on any testimonial evidence and instead was based only upon documentary evidence consisting primarily of the church's articles of incorporation and bylaws, we review the trial court's issuance of the injunction de novo. TFT, Inc.v. Warning Sys., Inc., 751 So.2d 1238, 1241 (Ala. 1999);see also City of Dothan v. Eighty-Four West, Inc.,871 So.2d 54, 60 (Ala.Civ.App. 2003) (on application for re-hearing) (Murdock, J., concurring specially) (explaining that the standard of review of a permanent injunction when the sole issue is an issue of law is de novo review).
McGlathery contends that this matter arises from an ecclesiastical dispute and, therefore, that it is not within the jurisdiction of a civil court. Richardson argues that the dispute at the heart of this case arises from Richardson's and McGlathery's differing constructions of the church's articles of incorporation and bylaws and not from an ecclesiastical dispute.
 "As is the case with all churches, the courts will not assume jurisdiction, in fact has none, to resolve disputes regarding their spiritual or ecclesiastical affairs. However, there is jurisdiction to resolve questions of civil or property rights. Williams v. Jones, 258 Ala. 59, 61 So.2d 101 (1952).
 ". . . .
 "A[n] . . . accurate reflection of present Alabama law on this subject is found in In re Galilee Baptist Church, 279 Ala. 393, 186 So.2d 102
(1966). . . .
 ". . . As was stated in Galilee:
 "`. . . Spiritualities are beyond the reach of temporal courts, and a pastor may be deposed by a majority of the members at a congregational meeting at any time, so far as the civil courts are concerned, subject only to inquiry by the courts as to whether the church, or its appointed tribunal has proceeded according to the law of the church. . . .'
 "We recognize here there are civil, as opposed to ecclesiastical[,] rights which have cognizance in the courts. A determination of whether the fundamentals of *Page 971 
due process have been observed can be made in the judicial arena."
Abyssinia Missionary Baptist Church v. Nixon,340 So.2d 746, 748 (Ala. 1976).
The Board's decision not to call a meeting to discuss the issues Richardson seeks to raise because the Board did not think that the spiritual health of the church would be advanced by such a meeting is an ecclesiastical decision of the church government and cannot be overridden by a civil court. In other words, the trial court did not have jurisdiction to entertain Richardson's complaint insofar as it requested that the Board be compelled to call a general conference. Accordingly, McGlathery's appeal from the trial court's order requiring that a general conference be called to deal with Richardson's grievance is dismissed. See Jones v. Sears, Roebuck Co., 342 So.2d 16, 17 (Ala. 1977) (stating that a void judgment will not support an appeal); and Ruzic v. State exrel. Thornton, 866 So.2d 564, 568-69 (Ala.Civ.App. 2003) (same).
APPEAL DISMISSED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs specially, with writing.
[1] The trial court apparently granted the motion at a hearing on November 22, 2004, by writing his order in the bottom margin of the motion. That order was never entered on the case-action-summary sheet by the clerk of the court. When the parties moved that the judgment be certified as final pursuant to Rule 54(b), Ala. R. Civ. P., the trial court entered an order by separate paper on December 1, 2004, in which it referred to a handwritten order of November 11, 2004; the December 1 order directed the church to hold a general conference by January 15, 2005. That order was also made final on December 1, 2004.
[2] The Board has not appealed the trial court's order.