THOMAS, Judge.
Pine Grove Baptist Church, Inc., is an incorporated church operating in Sumter County. Roy C. Allen became the pastor of the church in May 2005. In the spring of 2007, certain members of the church, led by Deacon Mitchell Carter, decided that they desired to dismiss Pastor Allen. To that end, Carter requested that the pastor and deacons call a congregational meeting; his request was denied. Carter then attempted on his own to hold a church business meeting and to call a congregational meeting of the church. On Sunday March 25, 2007, and Sunday, April 1, 2007, Carter posted a notice at the church regarding a meeting he scheduled for either March 29, 2007, or April 5, 2007. On April 1, 2007, after the service for the day had concluded, Carter announced to the church that the April 5, 2007, meeting had been canceled and would be rescheduled. However, Carter then contacted members of the church and informed them that the meeting was “back on.” A group of parishioners attended the meeting on April 5, 2007; at the meeting, those in attendance voted 49-4 to dismiss Pastor Allen and to freeze the money in the church bank accounts. Pastor Allen and those who support him refused to acknowledge the action of the minority group of members of the church who had attended the April 5, 2007, meeting. After that date, Carter and those who supported him disrupted church activities.
On April 10, 2007, the church, Deacon Willie Jones, the chairman of the deacons of the church, and Deacon Tommy Carter, the chairman of the trustees of the church (hereinafter referred to collectively as “the church plaintiffs”), filed a verified complaint for injunctive and other relief, seeking to declare the actions taken at the April 5, 2007, meeting null and void because, they alleged, the meeting was not a properly called meeting of the church and did not follow the requirements of due process. Mitchell Carter, Regina Dent, Jimmy Carter, Johnny Carter, and Jesse Hines (hereinafter referred to collectively as “the Carter defendants”) were named as defendants. In addition to requesting that the actions taken at the April 5, 2007, meeting be declared null and void, the church plaintiffs requested that church attendees be restrained from interfering with or interrupting worship services or interfering with any church officer in the performance of their duties, that no business meeting of the church be called until further order of the court, and that the financial activities of the church be allowed to proceed normally pending further orders of the court. On April 19, 2007, the trial court entered a temporary restraining order, as requested by the church plaintiffs. The Carter defendants answered the complaint, averring that the church had never been properly incorporated and that it could therefore not bring suit and that *495 the April 5, 2007, meeting was properly called and that the actions taken at that meeting were taken with the requisite authority.
The trial court set a hearing on the temporary restraining order for April 30, 2007. At that hearing, which either was not transcribed or the transcription was not purchased for purposes of appeal, the parties apparently agreed to hold a vote on the status of the pastor; the parties also apparently agreed that the vote would be presided over by the trial court and would be held at the courthouse. The parties could not agree on the list of church members eligible to vote, however, and two further hearings were conducted on May 10, 2007, and May 30, 2007, to adduce evidence regarding the names to be placed on the membership list. Ultimately, the trial court ordered that membership list needed to include the list compiled by the church plaintiffs as well as a list of persons that the Carter defendants contended had been improperly excluded. In addition, the trial court determined that no church member under the age of 18 years old would be permitted to vote. After the vote was conducted on June 1, 2007, the trial court entered an order announcing that the church members had voted 79-37 to dismiss Pastor Allen and requiring that Pastor Allen be removed as pastor of the church.
The church plaintiffs appealed to this court; after we transferred the case to the supreme court because we lacked subject-matter jurisdiction, the supreme court transferred the case back to this court, pursuant to Ala.Code 1975, § 12-2-7(6). The church plaintiffs argue that the trial court did not have jurisdiction over the dispute between the rival factions such that it could order and administer an election regarding the pastor. We agree and dismiss the appeal as being from a void judgment.
“As is the case with all churches, the courts will not assume jurisdiction, in fact has none, to resolve disputes regarding their spiritual or ecclesiastical affairs. However, there is jurisdiction to resolve questions of civil or property rights. Williams v. Jones, 258 Ala. 59, 61 So.2d 101 (1952). '
[[Image here]]
“A[n] ... accurate reflection of present Alabama law on this subject is found in In re Galilee Baptist Church, 279 Ala. 393, 186 So.2d 102 (1966) ....
“... As was stated in Galilee:
“ ‘... Spiritualities are beyond the reach of temporal courts, and a pastor may be deposed by a majority of the members at a congregational meeting at any time, so far as the civil courts are concerned, subject only to inquiry by the courts as to whether the church, or its appointed tribunal, has proceeded according to the law of the church.... ’
“We recognize here there are civil, as opposed to ecclesiastical, rights which have cognizance in the courts. A determination of whether the fundamentals of due process have been observed can be made in the judicial arena.”
Abyssinia Missionary Baptist Church v. Nixon, 340 So.2d 746, 748 (Ala.1976).
Our courts have confronted this particular situation — the administration of an election regarding a church’s pastor — before. See Williams v. Jones, 258 Ala. 59, 61 So.2d 101 (1952). Like the situation in this case, the trial court in Williams was confronted with an agreement between the parties to let the trial court appoint a special master to supervise and direct an election regarding whether to retain or dismiss the church pastor. Once the election was held, and the pastor was retained, *496 the special master also recommended that certain members that the pastor had “dis-fellowshipped” be allowed back into the church. The trial court entered a judgment incorporating the recommendations of the special master. The pastor and those loyal to him appealed. Our supreme court reversed the judgment, stating as follows:
“By the execution of the agreement, all parties seem to have asked the court to assume control of the conduct of the internal affairs of the church and to hold an election to determine whether Williams should be retained as pastor, after first determining who were members of the church qualified to participate in the election.
“So the litigation changed from an effort to have alleged wrongs redressed to a situation where a court of equity, through its Special Master, actually takes over and runs the church affairs.
“We have been unable to find any authority which even remotely tends to uphold the jurisdiction of the civil courts in a matter of this kind. Of course, parties cannot by mere agreement confer jurisdiction.
“The decree being based solely on the report of the Special Master, which dealt with matters beyond the jurisdiction of the court, it follows that the decree is reversed and the cause is remanded.”
Williams, 258 Ala. at 67, 61 So.2d at 109.
The same principle applies in the present case. A civil court has no jurisdiction to interfere with the spiritual or ecclesiastical affairs of any church. The trial court overstepped its bounds by conducting an election for the church, and, although the trial court’s actions were taken at the insistence and agreement of the parties, the resulting judgment, entered as it was without subject-matter jurisdiction, is void. McGlathery v. Richardson, 944 So.2d 968, 971 (Ala.Civ.App.2006). A void judgment will not support an appeal. McGlathery, 944 So.2d at 971 (citing Jones v. Sears, Roebuck & Co., 342 So.2d 16, 17 (Ala.1977)).
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.