PER CURIAM.
Southern Homes, AL, Inc. (“Southern Homes”), appeals from a preliminary injunction entered by the Madison Circuit Court in favor of Bermuda Lakes, LLC (“Bermuda”), preventing Southern Homes from proceeding “in any way with [Southern Homes’] action styled Southern Homes, A.L., Inc. v. Bermuda Lakes, LLC, Case No. 08-4797, which is now pending in Division H-12 of the Civil District Court for the Parish of Orleans in the State of Louisiana (the ‘Louisiana action’), or in any other proceeding that arises from the controversy that is the subject of this action or involves or relates to [Bermuda] or any of its related or affiliated entities.” We reverse and remand.

Facts and Procedural History

On September 5, 2007, Southern Homes, an Alabama corporation with its principal place of business in Slidell, Louisiana, entered into a contract to purchase approximately 87.62 acres of land in Madison County, Alabama, from Fanning School Communities, LLC (“Fanning”), and Briar Patch, LLC (“Briar Patch”). Before the sale the land was to be subdivided into approximately 269 residential lots. Under the contract, Southern Homes was to purchase the property in four separate “take downs.” Southern Homes was required to purchase a specific number of lots for each take down. The sellers were required to satisfy certain conditions concerning the preparation of the lots before each take' down. Pursuant to the contract, Southern Homes provided the sellers with a $300,000 irrevocable standby letter of credit, which the sellers could draw on if Southern Homes failed to close on any take down because of á default by Southern Homes. The letter of credit was issued by Whitney National Bank located in New Orleans, Louisiana. The letter of credit provided that all drafts drawn pursuant to it must be presented to the bank’s International Banking Department in New Orleans.
Later, the contract to purchase the land was amended to change the name of the sellers to Bermuda, a limited liability company formed by the principals of Fanning and Briar Patch after the consummation of the original contract to purchase. The amendment was effective January 3, 2008.
On May 2, 2008, Southern Homes gave written notice to Bermuda that it was terminating the contract to purchase because, Southern Homes said, Bermuda had failed *102 to timely satisfy the multiple conditions it was required to satisfy before the initial take down. The written notice also asked for the return of the $300,000 letter of credit.
On the same day Southern Homes gave written notice to Bermuda that it was terminating the contract to purchase, Southern Homes also filed a declaratory-judgment action against Bermuda in the Civil District Court for the Parish of Orleans in the State of Louisiana (“the Louisiana action”). That action sought a judgment declaring that Southern Homes had lawfully terminated the purchase contract and that it was entitled to a return of the letter of' credit.
In a letter dated June 18, 2008, Bermuda advised Southern Homes that it had completed all the take-down conditions and that it was prepared to immediately close on the first take down. The letter also stated that, under the terms of the contract, the time for Bermuda’s performance had been extended 90 days as the result of Bermuda’s inability to obtain necessary governmental approvals related to a wetlands issue. Southern Homes did not close on the property.
On September 15, 2008, Bermuda filed the present action in the Madison Circuit Court (“the Alabama action”), suing Southern Homes and its principals, Adrian Kornman and Chris Kornman, on theories of fraud and breach of contract. On October 24, 2008, Bermuda moved for a preliminary injunction, seeking to enjoin Southern Homes from prosecuting the Louisiana action and from engaging in any other proceedings in Louisiana that might arise from the controversy that is the subject of the Alabama action. Bermuda alleged that without the injunction, it would be “subjected to duplicative litigation, the possibility of inconsistent results, and unnecessary hardship and costs.” Bermuda further alleged that the case belongs in Alabama because the case involves a contract between two Alabama corporations for the sale of land located in Alabama.
On October 30, 2008, Southern Homes moved for a preliminary injunction in the Louisiana action, seeking to enjoin Bermuda from prosecuting the Alabama action. On the same day, the Louisiana court set Southern Homes’ motion for a preliminary injunction for a hearing on November 13, 2008. On November 4, 2008, the Madison Circuit Court set Bermuda’s motion for a preliminary injunction for a hearing on November 10, 2008. On November 5, 2008, Southern Homes moved the Louisiana court to set an expedited hearing of its request for a preliminary injunction. On the same day, the Louisiana court set Southern Homes’ motion for a preliminary injunction for a hearing on November 7, 2008. At 9:48 a.m. on November 6, 2008, Bermuda filed a “verified emergency motion for preliminary injunction and other equitable relief,” asking the Madison Circuit Court to conduct an immediate hearing on Bermuda’s motion for a preliminary injunction. Shortly thereafter, the Madison Circuit Court conducted a hearing on Bermuda’s motion for a preliminary injunction in which Southern Homes’ counsel participated by telephone and Bermuda’s counsel participated in person. At 11:45 a.m. on November 6, 2008, “[ajfter considering the arguments and authorities of counsel and acting pursuant to its general authority to do equity,” the Madison Circuit Court issued a preliminary injunction enjoining Southern Homes “from proceeding in any way with [the Louisiana action], or in any other proceeding that arises from the controversy that is the subject of this action or involves or relates to [Bermuda] or any of its related or affiliated entities.” The Madison Circuit Court further held:
*103 “1. Venue is proper in Madison County and this Court has jurisdiction over all of the parties and their counsel.
“2. The Louisiana action and this action involve substantially- the same controversy, i.e., [Bermuda’s] claim against Southern Homes for breach of contract. This action also involves [Bermuda’s] fraud claims against the principals of Southern Homes, Adrian Kornman and Chris Kornman.
“3. [Bermuda] will suffer irreparable harm for which there is no adequate remedy at law if it is required to litigate the same controversy in two courts.
“4. [Bermuda] has established that it has a reasonable chance of success on the merits of its breach of contract claim, i.e., that a valid contract exists, Southern Homes did not perform, [Bermuda] is capable of performing, and [Bermuda] has been damaged.
“5. The equities clearly favor [Bermuda] inasmuch as this- is a dispute involving Alabama real estate that is the subject of a contract governed by Alabama law between two Alabama companies. This is a controversy that should be litigated in Alabama. It would be unfair to subject [Bermuda] to duplica-tive litigation in Louisiana, thereby creating the possibility of inconsistent results and certain unnecessary hardship and costs. Southern Homes is an Alabama company, subject to Alabama law and jurisdiction in Alabama. Southern Homes will not be prejudiced by having to litigate this Alabama dispute in Alabama.”
On November 20, 2008, Southern Homes filed its appeal from the preliminary injunction entered by the circuit court.[1]

Standard of Review

In Holiday Isle, LLC v. Adkins, 12 So.3d 1173 (Ala.2008), this Court set forth the standard for reviewing an order issuing a preliminary injunction:
“We have often stated: ‘The decision to grant or to deny a preliminary injunction is within the trial court’s sound discretion. In reviewing an order granting a preliminary injunction, the Court determines whether the trial court exceeded that discretion.’ SouthTrust Bank of Alabama, N.A. v. Webb-Stiles Co., 931 So.2d 706, 709 (Ala.2005).
“A preliminary injunction should be issued only when the party seeking an injunction demonstrates: ■
“ ‘ “(1) that without the injunction the [party] would suffer irreparable injury; (2) that the [party] has no adequate remedy at law; (3) that the [party] has at least a reasonable chance of success on the ultimate merits of his case; and (4) that the hardship imposed on the [party opposing the preliminary injunction] by the injunction would not unreasonably outweigh the benefit accruing to the [party seeking the injunction].” ’
*104 “Ormco Corp. v. Johns, 869 So.2d 1109, 1113 (Ala.2003) (quoting Perley v. Tapscan, Inc., 646 So.2d 585, 587 (Ala.1994)).
“To the extent that the trial court’s issuance of a preliminary injunction is grounded only in questions of law based on undisputed facts, our longstanding rule that we review an injunction solely to determine whether the trial court exceeded its discretion should not apply. We find the rule applied by the United State Supreme Court in similar situations to be persuasive: ‘We review the District Court’s legal rulings de novo and its ultimate decision to issue the preliminary injunction for abuse of discretion.’ Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 428, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006); see also Justice Murdock’s special writing while sitting as a judge on the Court of Civil Appeals in City of Dothan v. Eighty-Four West, Inc., 871 So.2d 54, 60 (Ala.Civ.App.2003) (Murdock, J., concurring specially on application for rehearing) (cited with approval in McGlathery v. Richardson, 944 So.2d 968, 970 (Ala.Civ.App.2006)).”
12 So.3d at 1175-76.

Discussion

Southern Homes argues, among other things, that it received insufficient notice under Rule 65(a)(1), Ala. R. Civ. P., of the hearing on Bermuda’s motion for a preliminary injunction, in violation of Southern Homes’ due-process rights. We agree.
Rule 65(a)(1), Ala. R. Civ. P., provides that “[n]o preliminary injunction shall be issued without notice to the adverse party.” Rule 65(a)(1) does not specify how much notice must be given to the adverse party before a preliminary injunction can be issued. However, as the United States Supreme Court has held in interpreting the federal equivalent of Rule 65(a),[2] the notice required by Rule 65(a) “implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition.” Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 434 n. 7, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). See also Alabama Republican Party v. McGinley, 893 So.2d 337, 344 (Ala.2004) (holding that “[t]he hallmarks of procedural due process are notice and ‘the opportunity to be heard “at a meaningful time and in a meaningful manner” ’ ” (quoting Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), quoting in turn Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965))).
In Granny Goose Foods, the adverse party was given notice by telephone on the same day it was served with all the documents and the hearing was held, and the adverse party’s counsel was present in the courtroom and argued on behalf of the adverse party at that hearing. The United States Supreme Court recognized that Rule 65(b), Fed.R.Civ.P., like Rule 65(b), Ala. R. Civ. P., authorizes a trial court to issue a 10-day temporary restraining order (“TRO”) without notice to the adverse party. The Court compared the lack of any requirement of notice in Rule 65(b) for a TRO with the explicit notice requirement for issuing a preliminary injunction under Rule 65(a), Fed.R.Civ.P. The Court held that the “informal, same-day notice” that was provided to the adverse party in *105 Granny Goose Foods, “desirable though it may be before a restraining order is issued, is no substitute for the more thorough notice requirements which must be satisfied to obtain a preliminary injunction of potentially unlimited duration.” 415 U.S. at 434 n. 7. See also Ciena Corp. v. Jarrard, 203 F.3d 312, 319 (4th Cir.2000) (holding that “[bjecause a preliminary injunction is unlimited in duration, its entry always requires notice to the opposing party sufficient to give that party an opportunity to prepare an opposition to entry of an injunction”).
In the present case, it is undisputed that Southern Homes had less than two hours’ notice of the hearing on Bermuda’s motion for a preliminary injunction and that Southern Homes’ counsel participated in the hearing only by telephone. Southern Homes was not able to submit written arguments in opposition to the motion or to submit evidence to support its arguments. Also, under the circumstances, Southern Homes could not call any witnesses.
Bermuda’s primary response to Southern Homes’ argument concerning inadequate notice is that “Southern Homes is responsible for any alleged due process deficiencies” because, Bermuda says, “[Southern Homes’] own attempts to expedite its own hearing in Louisiana ... led to thé shorter notice it received of the November 6 hearing in Alabama.” Bermuda’s brief, at 34, 36. However, what was happening in the Louisiana action does not alleviate the notice requirements of Rule 65(a)(1), Ala. R. Civ. P., in the Alabama action. In the present case, before a preliminary injunction with its unlimited duration could be issued, Southern Homes had to be given notice of a hearing in which it was given a fair opportunity to oppose the motion for the preliminary injunction and to prepare for such opposition. Southern Homes simply was not given such notice. Therefore, under these circumstances, we conclude that Southern Homes did not have a fair opportunity to oppose the motion for á preliminary injunction, and, thus, the circuit court exceeded its discretion in issuing the preliminary injunction.

Conclusion

Based on the foregoing, we reverse the Madison Circuit Court’s judgment and remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and LYONS,. WOODALL, STUART, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.

. On the same day that Southern Homes filed its notice of appeal to this Court, Southern Homes filed a motion in the circuit court, asking the court to dissolve the preliminary injunction. Southern Homes attached several exhibits to that motion, including affidavits, pleadings from the Louisiana action, and orders issued by the Louisiana court. That motion and its exhibits were originally included as part of the record on appeal. However, Bermuda moved the circuit court to correct the record on appeal, and the circuit court ordered that all pleadings and evidence entered into the record after it granted the preliminary injunction on November 6, 2008, be stricken from the record on appeal. Southern Homes filed a motion in this Court to overturn, in part, the order of the circuit court striking documents from the record on appeal. On April 29, 2009, this Court issued an order denying Southern Homes' motion to overturn, in part, the order of the circuit court striking documents from the record on appeal.

. Rule 65(a)(1), Fed.R.Civ.P., provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party.”