DONALDSON, Judge,
dissenting.
At the time the May 13, 2013, order setting a hearing on the propriety of the temporary restraining order (“TRO”) was entered, no appearance in the case had been filed by Jacobs Broadcast Group, Inc. (“Jacobs”). The next day, May 14, 2013, Jacobs filed an appearance through counsel, a motion to dismiss the complaint, and a “Motion to Dissolve Preliminary Injunction.” As grounds for the motion, Jacobs asserted that inadequate notice had been provided for the issuance of a TRO and that there were inadequate grounds to have issued the TRO. Later that same day, the trial court entered an order stating: “The Defendant’s Motion To Dissolve, originally set on Tuesday, May 21, 2013 has been RESCHEDULED to: Wednesday, the 15th day of May, 2013 at 4:00 p.m. in Courtroom Number 100.”
Counsel for Jacobs and for Jeff Beck Broadcasting Group, LLC (“Beck”), appeared at the hearing on May 15, 2013. The following colloquy occurred:
“THE COURT: .... On May the 10th, [2013,] I signed an order that enjoined James Jacobs individually and Jacobs ... from disposing of a translator. ,.. [Jacobs] has filed a motion to dissolve [the TRO/purported preliminary injunction entered on May 10, 2013,] and [it has] filed another motion but the motion to dissolve the preliminary injunction is the only thing that’s on the table; is that right?
“[Counsel for Jacobs]: That’s my understanding, Judge. I believe your order of yesterday [May 14, 2013, setting Jacobs’s motion to dissolve] — that’s the only motion that’s currently before you.
“[Counsel for Beck]: Well, you know, other than our pleadings requesting a preliminary injunction and temporary restraining order.
“THE COURT: So we’re going to treat [this hearing] as a hearing for that.
“[Counsel for Jacobs]: I would object to that. Judge. There’s been no orders setting a hearing on a preliminary injunction. We’re here today on [Jacobs’s] motion to dissolve the order that you entered on May 10th which styles itself as a preliminary injunction and appears to be an order that was prepared by [Beck]’s counsel. However, a preliminary injunction such as this could never be issued absent notice to the adverse party under Rule 65(a)(l)[, Ala. R. Civ. P.]. And that’s the first ground that the May 10th order should be dissolved.” *356 “Judge, ... the order that was entered on May 10th was improvidently and improperly entered. It was styled improperly. It claims to be a preliminary injunction even though it has a ten-day deadline supposedly within it. That should be dissolved immediately. With regard to the [Beck’s] request to proceed with a preliminary injunction hearing at this time, that is not on the table.... [A]s the Court noted when we got here, all that’s here is [Jacobs’s] motion to dissolve. We can set a hearing on the ‘preliminary junction at some later time but it can’t be issued without notice to the adverse party for us to be prepared to go against the preliminary injunction, for us to have our FCC expert here to testify regarding that license. It’s just — would be improper at this time to proceed on a preliminary injunction.”
*355 Counsel for Jacobs raised numerous objections to the manner in which the TRO had been obtained by Beck. After further discussion regarding the propriety of the TRO, counsel for Beck said: “What we would like to do is put on some testimony specifically about all of this, especially why the fact that we’ve asked for a preliminary injunction and temporary restraining order, to introduce the non-compete agreement, and to explain to the trial court exactly what we are ... dealing with.” Counsel for Jacobs then responded:
*356 (Emphasis added.) Over Jacobs’s objections, Beck presented testimony regarding whether a preliminary injunction should be issued. At the conclusion of the .testimony, counsel for Jacobs asked the court to deny the requested injunctive relief, primarily on procedural grounds. Counsel for Beck requested permission to file a brief with respect to an issue raised by Jacobs regarding the requested relief. Counsel for Jacobs then stated:
“Judge, [Beck] is the one that asked for the preliminary injunction hearing to be held here today. I already objected because I did not have notice under 65(a)(1). I’m required to have notice and an opportunity to prepare for a preliminary injunction hearing. You overruled that objection. I would strenuously object to [counsel for Beck] being allowed to brief anything....”
The main opinion recognizes that Jacobs had no notice that it would be called upon to defend against a preliminary injunction, that it had no opportunity to prepare for a hearing on whether to issue a preliminary injunction, and that it was deprived of the opportunity to call any witness other than James Jacobs. The transcript of the hearing shows that Jacobs objected to Beck’s attempts to go forward with an evidentiary hearing seeking a preliminary injunction, based on its lack of notice that that would be a purpose for the hearing. Jacobs specifically stated:
“We can set a hearing on the preliminary junction at some later time but it can’t be issued without notice to the adverse party for us to be prepared to go against the preliminary injunction, for us to have our FCC expert here to testify regarding that license. It’s just — would be improper at this time to proceed on a preliminary injunction.”
The trial court overruled that objection and proceeded with the hearing on whether to issue a preliminary injunction, and it issued a preliminary injunction one week later on May 22, 2018. Thus, the record clearly shows that Jacobs never received adequate notice of a hearing on the preliminary injunction or any opportunity to prepare for such an evidentiary hearing on whether to issue a preliminary injunction, and it specifically raised the unavailability of a witness as being prejudicial. Counsel for Jacobs indicated on the record at the hearing that he intended to call his “FCC expert here to testify regarding that license.” The main opinion’s reliance on Martin v. Patterson, 975 So.2d 984 (Ala.Civ.App.2007), for the proposition that “the consolidation of a trial on the merits with a with a preliminary injunction hearing under Rule 65(a)(2)” cannot be distinguished “from consolidation of a hearing on a motion to dissolve a TRO from a hearing on a motion for preliminary injunction held under Rule 65(b),” 160 So.3d at 352, ignores the plain language of Rule 65(a)(2), which *357 provides for consolidation only in reference to “the commencement of the hearing of an application for a preliminary injunction,” which “shall [not] be issued without notice to the adverse party.” Rule 65(a)(1). TRO’s are not mentioned at all in Rule 65(a), and consolidation is not mentioned in Rule 65(b). Moreover, there is no indication that a party’s exercising its right pursuant to Rule 65(b) to “appear and move [for a TRO’s] dissolution or modification” thus subjects that party to an impromptu trial on the merits of a preliminary injunction.
Further, allowing for post-hearing briefing could not cure the prejudicial defect in the proceedings. In fact, it only serves to magnify the lack of notice and extent of prejudice because it further allowed Beck to present its case in full while depriving Jacobs of the ability to reference or to rely upon its proposed expert witness or any other witness. If the trial court had found that the TRO should be dissolved, as requested by Jacobs, following the May 15, 2013, hearing, the trial court could have kept the TRO in effect for a limited period and scheduled a continuation of the hearing on the preliminary injunction to permit Jacobs to present evidence.
The main opinion distinguishes Southern Homes, AL, Inc. v. Bermuda Lakes, LLC, 57 So.3d 100 (Ala.2010), and Funliner of Alabama, L.L.C. v. Pickard, 873 So.2d 198 (Ala.2003), because, unlike those eases, Jacobs was present and able to present testimony at the hearing and “had the ability to present a defense to the issuance of the preliminary injunction while it argued about the propriety of the TRO.” 160 So.3d at 351. The ability to present a defense based on the presence of a single witness is not a substitute for the ability to present a meaningful defense to a preliminary injunction that might last for the duration of the litigation. Our supreme court has stated:
“The [United States Supreme] Court held that the ‘informal, same-day notice’ that was provided to the adverse party in Granny Goose Foods[, Inc. v. Brotherhood of Teamsters & Auto Drivers Local No. 70 of Alameda County ], ‘desirable though it may be before a restraining order is issued, is no substitute for the more thorough notice requirements which must be satisfied to obtain a preliminary injunction of potentially unlimited duration.’ 415 U.S. [423,] 434 n. 7 [ (1974) ]. See also Ciena Corp. v. Jarrard, 203 F.3d 312, 319 (4th Cir.2000) (holding that ‘[b]ecause a preliminary injunction is unlimited in duration, its entry always requires notice to the opposing party sufficient to give that party an opportunity to prepare an opposition to entry of an injunction’).”
Southern Homes, 57 So.3d at 104-05. See also Bamberg v. Bamberg, 441 So.2d 970, 971 (Ala.Civ.App.1983) (“In order to comply with procedural due process, notice and an opportunity to be heard are necessary under rule 65(a).”). There is no dispute that Jacobs was denied notice that the May 15, 2013, hearing would address the merits of issuing a preliminary injunction rather than simply addressing the propriety of the TRO, which the main opinion notes “the trial court may well have erred in granting.” 160 So.3d at 354. I cannot agree that the prejudice of depriving Jacob of its right to notice and opportunity to prepare to defend against a preliminary injunction of an extended duration can be addressed and cured by the preparation necessary to demonstrate a procedurally defective TRO. Jacobs properly objected to the proceedings and presented a sufficient threshold showing that additional evidence would have been presented to the trial court if adequate notice had been giveh. Whether the additional *358 evidence would have persuaded the trial court to deny the request for a preliminary injunction or to issue an injunction that is less onerous on Jacobs is not a question that should be evaluated at this stage. Under the facts of this case, the preliminary injunction should not have been issued and the order granting the injunction should be reversed. Therefore, I must respectfully dissent.